### Birdella Hannon v. Wright G. Myrick

[111 A2d 729]

January Term, 1955.

Present: **Sherburne, C. J., Cleary, Adams and Chase, JJ., and Smith, Supr. J.**

Opinion Filed February 1, 1955.

*Mc Namara & Larrow* for the plaintiff.

*Edmunds, Austin & Wick* for the defendant.

**Sherburne, C. J.** This is an action to recover damages for injuries received on December 19, 1952, in an automobile collision on U. S. Route 7 in New Haven, and comes here, after verdict and judgment for the defendant, upon the plaintiff's exceptions to the lower court's instructions to the jury.

The accident happened at about 6:30 P.M. It was then dark and the weather was clear. Just before the accident the plaintiff had proceeded some distance on a driveway entering the west side of U. S. Route 7, and had entered that highway and had proceeded southerly on her right hand side thereof a distance of two or three car lengths or twenty to twenty-five feet, when the rear end of her car was run into by the defendant's car, while also traveling southerly on this highway. North of the driveway, the highway is level for a distance of three-tenths of a mile, then dips and again rises into view at a distance of seven-tenths of a mile. The evidence is conflicting as to whether the plaintiff stopped before driving on to the highway. She testified that she did, and that she looked both ways and saw two sets of lights of cars about seven-tenths of a mile to the north and that there were no lights of a car within three-tenths of a mile in that direction. She didn't remember if she looked again to the north when turning into the highway and testified that she had attained a speed of about 25 miles per hour when run into. She was aware that there was a lot of traffic on this highway. The defendant was traveling at forty to fifty miles per hour, his motor vehicle report stating that he was going at about fifty.

After instructing the jury about the plaintiff's duties in entering the highway from the driveway to look for approach-

ing vehicles and to look effectively and not to proceed if she saw a vehicle coming, unless as a careful and prudent person she believed and had a right to believe that she could pass in front of it in safety, the court charged:

> "In this connection, if from the evidence you find that Mrs. Hannon saw or should have seen the Myrick car approaching from the north before she entered the highway, and if you find that the defendant's car was in such close proximity to the driveway from which the plaintiff was about to enter Route 7 that the plaintiff, Mrs. Hannon, could have reasonably foreseen that a collision was likely to result if she continued to drive forward into the highway you then are instructed that the plaintiff in such event might well be found negligent."

This instruction was not excepted to by the plaintiff, but the defendant excepted that under such circumstances the plaintiff was negligent as a matter of law. Whereupon the court further charged the jury:

> "By way of supplemental charge I might add that in the exercise of the care and prudence, which the plaintiff was called upon to exercise under the then existing circumstances, it was the duty, of course, of the plaintiff to make reasonable use of her senses and intelligence to discover any danger on the highway by way of approaching vehicles or otherwise. And quite naturally that duty also implied a duty to see any cars within her vision. Now, if from the evidence you find that Mrs. Hannon saw, or in exercising the care, prudence and diligence that a careful and prudent person was called upon to exercise at the time that she saw the Myrick car approaching from the north before she entered the highway, and if you find that the defendant's car was in such close proximity to the driveway from which the plaintiff was about to enter Route 7, that the plaintiff could have reasonably foreseen that a collision was likely to result, provided

and if she continued to drive forward into the highway, then, in such an event, in the exercise of the care and diligence that an ordinary careful and prudent person would exercise under like circumstances, under the law, she was required to stop, and if you find these facts to be the facts, and she proceeded upon said highway after discerning the existence of a car in close proximity without a reasonable opportunity to enter the highway without collision, then, in such event it would be negligence. But when you all get through here Ladies and Gentlemen, as I previously stated, the true test. and the test that you must apply, is whether the plaintiff acted as a careful and prudent person ought to have acted under like circumstances—also whether the defendant, having in mind the existing circumstances, used the care and prudence which a careful and prudent person is called upon to exercise at the time and place."

To this supplemental charge the plaintiff excepted upon two grounds:

1. To the use of the word "could" instead of "should" where the court used the language "could have reasonably foreseen", claiming that the law applicable is that she would be negligent only if she foresaw or should have foreseen the likelihood of a collision, and that she was not negligent simply if she could have foreseen that likelihood.

2. That it overemphasizes a matter completely and adequately covered in the original charge and in that respect is highly prejudicial to her.

In support of her claim about the use of "should" instead of "could" the plaintiff calls attention to the language in *Colburn* v. *Frost*, 111 Vt. 17, 23, 9 A2d 104, 107, "He is to be judged by the situation as it appeared or ought to have appeared to him at the time"; to *Izor* v. *Brigham*, 111 Vt 438, 443, 17 A2d 236, 238, where the Court said "the plaintiff is to be judged by the situation as. it appeared or ought to have appeared to him at the time"; and to *Frenier* v. *Brown*, 116 Vt 538, 543, 80 A2d 524, 527, where the Court said "until he sees or in the exercise of reasonable care ought to see."

A sampling of our cases shows that we have used the words "could", "might", "ought" and "should" interchangeably in determining foreseeability in the sense here involved. In *Landry* v. *Hubert*, 100 Vt 268, 280, 137 A 97, the Court approved a charge that the defendant was chargeable with knowledge of the existence of all pieces of lumber projecting from the rear of a wagon, that she could or ought to have seen in the exercise of due care. In *Woodcock's Admr.* v. *Hallock*, 98 Vt 284, 290, 127 A 380, 382, the opinion states: "On the question of what is negligence, it is material to consider the consequences that a prudent man might reasonably have anticipated." The same language is used in *Perkins* v. *Vermont Hydro-Electric Corp.*, 106 Vt 367, 381, 177 A 631, in *Bennett* v. *Robertson*, 107 Vt 202, 214, 177 A 625, 98 ALR 152, and *Wagner, Admr.* v. *Village of Waterbury*, 109 Vt 368, 375, 196 A 745. In *Humphrey* v. *Twin State Gas & Elec. Co.*, 100 Vt 414, 422, 139 A 440, 444, 56 ALR 1011, the opinion states, "the existence of actionable negligence depends, not upon what happened, but upon what reasonably might have been expected to happen. Unless it be shown that a prudent man, situated as the defendant was at the time of his alleged default, knowing what he knew or should have known, would have regarded injury to the plaintiff or one of the class to which he belonged, as likely to result from the act or omission complained of, actionable negligence is not made out." Similar language is used in *Johnson* v. *Cone*, 112 Vt 459, 462, 28 A2d 384. In *Butterfield Est.* v. *Community Lt. & P. Co. Inc.*, 115 Vt 23, 26, 49 A2d 415, 417, the opinion states: "On the question whether there was negligence on the part of the plaintiff it is material to consider the consequences that a prudent man might reasonably have anticipated from his actions or failure to act."

■ "Could" is the past tense of "can". "Can" as an auxiliary verb followed by an infinitive without "to" may mean "to be able". "Might" is the past tense of "may". "May" may also mean "to be able". Webster's New International Dictionary. Hence "could" and "might" may both mean "was able". "Ought" and "should" are synonyms. They express obligation. Webster's New International Dictionary.

■  We conclude that what the plaintiff, in the exercise of the care of a prudent man in like circumstances, could or might have reasonably foreseen was likely to result, was no more or less than what she should or ought to have foreseen was likely to result.  The first ground of the exception is not sustained.

As to the second ground, it is true that the supplemental charge uses substantially the same language as the original charge in several respects, yet, in view of the defendant's exception and the evident attempt of the court to restate the law upon the issue of the plaintiff's freedom from contributory negligence with greater particularity and clearness, we cannot say that this issue was overemphasized or that the plaintiff was harmed.  See 53 Am Jur Trial, §559.

*Judgment affirmed.*