Hugo MAGNUSON, doing business as Hugo's
Piggly Wiggly, Plaintiff and
Respondent,

v.

COUNTY OF GRAND FORKS, a public cor-
poration of North Dakota, Defendant
and Appellant.

No. 7820.

Supreme Court of North Dakota.

June 20, 1959.

Longmire & Caldis, Grand Forks, for plaintiff and respondent.

Carlton G. Nelson, State's Atty., and Philip R. Bangs, Asst. State's Atty., Grand Forks, for defendant and appellant.

MORRIS, Judge.

The plaintiff commenced an action in the court of a justice of the peace of Grand Forks County to recover the sale price of a number of necessary grocery .items delivered to recipients of welfare relief upon five purchase orders issued by the county welfare board of Grand Forks County during the months of March and April, 1957. The total amount of the groceries so furnished is $65.

A judgment of dismissal was entered in the justice court and the plaintiff appealed to the district court of Grand Forks County. The district court reversed the justice court and rendered judgment in favor of the plaintiff for $65 and costs. From that judgment the defendant appeals to this court.

The orders are made out on identical printed forms provided by the state welfare board. The county welfare board added to this form by stamping on the face thereof the following:

"This order cannot be paid unless returned to County Welfare Board within 60 days from date of issuance."

The completed orders bearing statements of the groceries furnished to the recipients, properly itemized, were returned to the Grand Forks County Welfare Board on July 31, 1957. Payment was refused by the board and each order bears on its face this notation:

"Held by store longer than 60 days."

This is the only reason given by the welfare board for the refusal of payment. The secretary of the board testified that the requirement indicated by the stamp was adopted by the county board as a matter of procedure. This policy was based on:

"A consideration by the county Welfare Board that there might be a possibility that vendors might not notice the regulation on the back of the sheet, and as an aid to them in drawing their attention to the ·fact that this time limit was there."

On the back of the order is printed a list of instructions, terms and conditions. The first of these states:

"This order is valid for 60 days after date of issuance for the purchase of articles or services indicated in Section I from any vendor selected by the recipient."

 The county welfare board is a creature of statute. No statute has been pointed out to us that gives the board authority to make the regulation indicated by the stamp. It conflicts with the printed rule on the back of the order providing that it is good for 60 days from the date of issuance. That means that the recipient has 60 days in which to make the purchase. The orders were filled within 60 days. The purchases were therefore valid. Under the printed regulations valid purchases

can be made up to and including the sixtieth day. They may be made at hours after which the welfare office is closed or on days, such as Saturdays, when that office is not open. To require, as does this stamp, that the order with statement of the purchases must be returned to the board within 60 days from the date of issuance is arbitrary, unreasonable and inconsistent with the printed instructions on the back of the order. It affords no valid reason for withholding payment.

Upon oral argument our attention was called to this provision of the printed instructions:

"Statement of claimant for goods delivered or services rendered under this purchase order should be completed and submitted on or before the end of the month to the designated County Welfare Board for payment."

It was pointed out that the plaintiff did not comply with this instruction. Assuming that "the end of the month" means the end of the month during which the goods were purchased and without determining whether it means the calendar month or a period of one month, we would point out that this instruction does not indicate that failure to comply therewith will result in a forfeiture of the claimant's right to be paid. This instruction states when the statement should be completed and submitted.

The word "should" is frequently used to express obligation in degrees varying from persuasive to mandatory. Under the definition of "ought" in Webster's New International Dictionary, Second Edition, it is said:

"*Ought* and *should* express obligation, *ought* commonly suggesting duty or moral constraint, *should*, the obligation of fitness, propriety, expediency, and the like; but *ought* is often used in the weaker sense conveyed by should".

In Funk and Wagnalls New Standard Dictionary we find that one definition of the word "should" is:

"Obligation in various degrees, usually milder than ought; as, you should be obedient."

See also Baldassarre v. West Oregon Lumber Company, 193 Or. 556, 239 P.2d 839; Hannon v. Myrick, 118 Vt. 428, 111 A.2d 729. The intention with which the word is used must be determined by the context and the subject matter to which it has reference. It does not seem that the word "should" was used inadvertently. Other instructions on the back of the order contain the more compulsive word "must", as for example "the original of this order must be signed by the recipient or person acting in his behalf and by the vendor." We construe the word "should" as used here to be persuasive rather than mandatory.

The plaintiff in this action furnished the recipient groceries upon a valid order of the county welfare board. Through an oversight due to change of bookkeepers in his place of business he failed to return the order to the welfare board within 60 days after the date of issuance or before the end of the month during which the groceries were furnished. These omissions do not deprive him of the right to recover from the welfare board the unchallenged value of the goods that he furnished to the recipients on the board's order. The judgment appealed from is affirmed.

SATHRE, C. J., and TEIGEN and BURKE, JJ., concur.