# DeGoesbriand Memorial Hospital, Inc. v. Town of Alburg et al
[ 169 A.2d 360 ]

January Term, 1961

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed March 1, 1961

276

*Cain & O'Brien* for the plaintiff.

*Latham & Eastman* for defendant town of Isle LaMotte.

**Smith, J.** This is an action brought by the plaintiff hospital of Burlington, against the defendant towns, both of Grand Isle County, for expenses incurred by the hospital in the care and treatment of one Arthur Perreault. The case was heard by the Chittenden County Court, findings of fact were made, and judgment was entered for both of the defendant towns. The plaintiff duly filed its notice of appeal from the judgment of the county court to bring the case here.

The expenditures for the care of Perreault, for which the plaintiff seeks reimbursement, arise under the provisions of 33 V.S.A. §821, which provides:

> "Relief by private persons and hospitals. If a transient person dies, is injured, suddenly taken sick, lame or is otherwise disabled, and confined to any house or hospital in a town, and is in need of relief, the person at whose house or hospital he is shall be at the expense of relieving and supporting such person, until notice of the situation of such person is given to the overseer of the poor of the town, or in case such transient person is confined in a hospital in a town other than the town from which he came to enter such hospital, until such notice is given to the overseer of the latter town, after which the overseer of the town so notified shall provide for the support of such person."

The right to bring the action under which the hospital has here sought recovery against the defendant towns is given under the provisions of 33 V.S.A. §824 (§7114 of V. S. 47, as amended by §4 of No. 299 of the Acts of 1957 at the time this suit was brought), which follows:

"Reimbursement of private parties, hospitals and jailers for transient relief expenditures. If such overseer neglects to provide relief for such transient, the person, hospital or jailer so relieving him may recover in an action on this statute, against the town so notified. However, no recovery shall be had hereunder for any period in excess of forty-eight hours prior to giving notice to such town. Such notice shall be supplemented as early as possible with information available to the person, hospital or jailer substantially in the following form:"

A form for such credit application then follows in which are blanks to be filled out giving the name and address of the transient person; information on his residence for the past nine years and with numerous questions to be answered regarding his financial status, military service and family income.

These findings of fact made by the lower court, which were unexcepted to, disclose the following factual situation. Arthur Perreault came to the plaintiff hospital on Feb. 28, 1958 and was discharged from the hospital on April 20, 1958. The unpaid sum of $1,201.99 is due the hospital for his care and treatment therein.

On March 1, 1958, a notice was sent by the hospital to the overseer of the poor of the town of Isle LaMotte reading as follows:

"DeGoesbriand Memorial Hospital, Inc.

Adm't 2/28/58
Info. enclosed

Overseer of Poor
Isle LaMotte
Vermont
Dear Sir:

You are hereby notified that Mr. Arthur Perreault (June-wife) of Isle LaMotte, Vt. has applied to the DeGoesbriand Memorial Hospital for medical care, treatment and support; that he or she has no visible means of paying for such assistance; that the DeGoesbriand Memorial Hospital is furnishing this person care, treatment and support, in reliance upon the duty of the City or Town to provide such care in accordance with the statute; that the DeGoesbriand Memorial Hospital will look to the City or Town of Isle LaMotte, Vt. to pay for all such expenses as may be incurred in the care, treatment and support of the same Arthur

Perreault until and unless other care is provided or the patient is no longer entitled to assistance under the statute.

Very truly yours,

DeGoesbriand Memorial Hospital

By................................................................................."

On March 7, 1958, a notice of identical form and wording, with the exception that Perreault was described as "of Alburg, Vt." was sent to the overseer of the poor of the town of Alburg.

The finding of fact below, upon which the judgment for the defendants was predicated, and to which the plaintiff excepted, and which also is the basis for all questions raised in the briefs before us, is of such importance to the deciding of the questions presented here that we quote it in full:

"9. The Court is unable to find from the evidence introduced from what town said Arthur Perreault came to enter said plaintiff hospital. In fact, no evidence was given on this issue by either party and the Court is, therefore, unable to find whether Arthur Perreault was in fact a transient person, and if so, which, if either of the defendant towns is liable."

While the plaintiff has presented four questions for decision in its brief to this Court, its essential contentions are that the lower court was in error in its failure to make affirmative findings that Perreault came to the hospital from Isle LaMotte, and that he was a transient under the statute, and that such erroneous finding was caused by error on the part of the lower court in the admission of evidence offered by the plaintiff.

■ The action here brought is purely statutory, and not one of contract. It is necessary for us to consider 33 V.S.A. §821 and 33 V.S.A. §824 as they relate to one another in deciding the questions presented, for it is only after a hospital has failed to recover under the provisions of 33 V.S.A. §821 that it may bring the action against a town given it under the provisions of 33 V.S.A. §824. In order to ascertain whether the hospital has complied with the requirements of the statutes cited we must determine the legislative intent of the statutes, and to do so we may consider other statutes *in pari materia,* as well as the history and trend of previous legislation on the subject. *In re Walker Estate,* 112 Vt. 148, 151-152, 22 A.2d 183.

The first question presented to us is whether the hospital produced evidence to show that it had notified the overseer of the town from which Perreault came to the hospital as the statute requires. The identity of the town whose overseer must be notified by a hospital before it can be reimbursed for the care of a transient has been changed from time to time by the legislative acts. At one time the statute allowed the hospital to recover for such expense by merely notifying the overseer of the town in which the hospital itself was located. Sec. 1, No. 77, Acts of 1935. This was later changed so that the hospital was required to notify the overseer of the poor of the town "from which such transient person was sent or taken to such hospital." Sec. 1, No. 47, Acts of 1943. By thus changing the requirement that the hospital could recover, upon notice, from the town in which it was located for the care of a transient, to recovery, upon notice to the town from which the transient was sent or taken to the hospital, the legislature placed the burden on the hospital of notifying the town from which the transient had. come to the hospital, and seeking reimbursement from it. This legislative intent has not been changed by the wording "the town from which he came to the hospital."

It cannot be argued that 33 V.S.A. §821 is complied with by the hospital notifying the town of the residence or settlement of the transient. This is a requirement set out by the statute for the recovery, in its turn and by a separate action, by the town from which the transient came to the hospital against the town of the settlement of the transient, for the recovery of the reimbursement which the first town had made to the hospital under 33 V.S.A. §821. See 33 V.S.A. §827.

The hospital need have no concern about the town where the transient may have a settlement, or even if he has such settlement. The only evidence that it must offer is that the town that it has notified to recover reimbursement for the transient is the town from which the transient started his journey for the purpose of entering the hospital. Thus, if X, the driver of an automobile and a resident of the town of A, is injured in an accident in the town of B, and is taken from B to a hospital in the town of C, it is the overseer of the town of B that the hospital must notify to be reimbursed for its expenditures for the care of X under 33 V.S.A. §821.

The evidence that the plaintiff hospital sought to introduce in the instant case, that it had correctly notified the overseer of the poor of the town from which Perreault came to enter the hospital, was largely documentary. In addition to the notices to the two towns before mentioned, it consisted of the general business record of the hospital relative to the care of Perreault, and the charges for the same, and a copy of the credit application, required under 33 V.S.A. §821 to be sent to the defendant towns. The address on the general business record of Perreault was given as Isle LaMotte. This address had been taken from the credit application, which had been made out, and was kept, in the receiving room of the hospital.

At the time the credit application was received in evidence by the lower court its admission was limited "only to show the facts that the credit information was sent as the statute requires, not as showing any facts stated thereon * * *." The plaintiff contends that the court erred in this evidentiary ruling under the provisions of the Uniform Business Records as Evidence Act (12 V.S.A. §1700).

The record before us shows that no objection was made by the plaintiff at the time of the ruling of the court on the admission of this evidence and which is now excepted to. But whether there was error in this restricted admission by the lower court of the credit application, which we do not decide, is immaterial. The credit application had upon it information relative to the financial status of Perreault, information on his residence over the past nine years, and an address of Isle LaMotte, Vermont.

Such information might very well be helpful in the case of one town seeking recovery from another under the provisions of 33 V.S.A. §827, where the town originally reimbursing the hospital is seeking to recover from the town of settlement. Indeed, it appears this was the legislative intent of requiring the hospital to compile such information, and to send it to the town from which it sought recovery under 33 V.S.A. §821, because the information given thereon as to residence, employment, family ties and financial standing would be of great aid in determining the town of settlement by the town from which the transient came to the hospital, and in turn, for the town of settlement to reimburse itself from the person so aided as a transient.

But the information thereon contributes nothing of evidentiary value as to the identity of the town from which the transient came to

the hospital. The fact that a purported address for the transient is given is only evidence of "the name, title and place of residence of the person addressed." Webster's Unabridged Dictionary.

If the various records offered by the plaintiff had been received in evidence, without limitation, there is nothing thereon that would indicate in any way the identity of the town from which Perreault came to the hospital, nor was there any other evidence in the case from which the lower court could have made an affirmative finding to this effect. We find no error in that part of finding 9 in which the lower court found itself unable to find from what town Perreault came to enter the plaintiff hospital.

We now consider the claimed error in that part of No. 9 of the findings of fact which, in effect, states that Perreault is not a transient because the court has been unable to determine from which town he came to enter the hospital.

The plaintiff's argument is that the lower court is in error because, as it claims, any person confined in a hospital is a person away from home and is thus a transient under the provisions of 33 V.S.A. §821, *supra*. Under the reasoning advanced by the plaintiff, the undisputed finding of fact that Arthur Perreault was in the plaintiff hospital from Feb. 28, 1958 until April 20, 1958, made him a transient person under the meaning of the statute, as he was then a person away from home during that period of time.

The defendant Isle LaMotte seeks to sustain the finding of the lower court on this matter by contending that the issue of transiency is determined by the place where a person becomes ill or disabled, at the time that such illness or disability first exists, and that a resident of Burlington, for example, who became ill at his own home, would not be a transient by reason of his entry into a Burlington hospital.

This Court considered the meaning of the word "transient," as used in the statutes providing for the care of transients in hospitals, in *St. Albans Hospital* v. *City of St. Albans,* 107 Vt. 59, at p. 61, 176 A. 302. Chief Justice Powers declared:

"At the time of the argument some time was taken in discussing the meaning of the word 'transient.' It was quite unnecessary. As used in this statute, it means, merely, a person away from home."

Further on in the opinion, referring to P.L. 3926, the predecessor statute to 33 V.S.A. §821, the opinion says:

"It seems clear that by P. L. 3926, the Legislature, with a most worthy philanthropic purpose, intended to so provide that every person transient in the foregoing sense, whether rich or poor, whether a resident or non-resident of the town wherein he became sick, lame, or disabled, should be assured of care and treatment, promptly administered."

While the case cited above involved the care of persons who were residents of towns other than St. Albans, in which the plaintiff hospital was located, it was immediately followed by the second *St. Albans Hospital* v. *City of St. Albans* case, 107 Vt. 64-65, 176 A. 304. The factual situation here differed from the first St. Albans Hospital case in that the persons relieved by the plaintiff were poor persons and residents of the defendant city. The action was brought under a different section of the statutes then existing, from P. L. 3926, and recovery was denied. But the significant part of the opinion in this second St. Albans Hospital case, as applied to the question now before us is, "It is plain enough from what we said in the other case, that a recovery could have been had therein for the services and expenses here sued for."

In the earlier case of *Goodell* v. *Town of Mount Holly*, 51 Vt. 422, cited with approval in the first St. Albans Hospital case, a resident of the defendant town sued the town for the care and support he had furnished transient paupers in his own home. The persons for whom the plaintiff furnished such care and treatment were also residents of the town of Mt. Holly, but had become ill at the residence of the plaintiff. The Court held that "transient," in the statute then existing (Gen. Sts. Sec. 13, c, 20) "is used in the sense of being away from home, and disabled, and thereby confined at the house of some one whose house is not such person's home."

 Applying the principles of law set forth above to the factual situation now before us, when Arthur Perreault entered the De-Goesbriand Hospital he was a person away from home, wherever that home might be, and was therefore a transient. The lower court should have so found, and its failure to do so was error.

■ The question presented to this Court, on a notice of appeal from a judgment, is whether the judgment below is supported by the findings. *In re Hathorn's Transportation Co., Inc.,* 121 Vt. 349, 158 A.2d 464; *Hewey* v. *Richards,* 116 Vt. 547, 548, 80 A.2d 541. Under the provisions of 33 V.S.A. §821, two requirements have to be met by a hospital that seeks support from a town for a transient person under this section. The person for whom the relief is sought must, of course, be a transient, but there is also a burden on the hospital to give the notice called for by the statute to the overseer of the town from which the transient entered the hospital. That the second requirement is as essential as the first is evidenced by the last sentence of 33 V.S.A. §824, the statute under which the plaintiff brought this action, "However, no recovery shall be had prior to giving notice to such town."

■ We are now confronted with the problem of the disposition we should make of the case before us. It is evident that, despite error by the lower court, the judgment can be supported by the findings, and that we can affirm the judgment for the defendants. Supreme Court Rule 9. But this Court has the discretionary power to remand a cause to prevent a failure of justice, and it has been our practice to do so when the circumstances warrant it. *LaFerriere* v. *Saliba,* 119 Vt. 25, 34, 117 A.2d 380, and cases cited thereunder.

The care and treatment furnished to the transient, Perreault, by the plaintiff hospital, was a duty and expense which it was required to undertake by virtue of the statute. 33 V.S.A. §821. Reimbursement for such expense is also allowed by the same statute by proper notice to the town from which the transient came to the hospital, if such town is other than the one in which the hospital is situated. It is evident from the record before us that because 33 V.S.A. §824 requires the filing of a credit application, the form for which is given in the statute, to supplement the notice to the town from which reimbursement is sought by the hospital, the plaintiff believed that the intent of such credit application was to establish a prima facie case that the town so notified was the town from which the transient came to the hospital. That this same conviction was shared by the defendants in the case is evidenced by their various objections to the admission of both all, and parts of the credit application.

However, as we have seen, if such was the legislative intent, it failed because there is nothing to indicate the town from which an applicant transient came to the hospital in any of the information required to be given on the required application form.

It would appear from the record before us that the plaintiff might make a different presentation of evidence on a new trial under the views expressed in this opinion. It is manifest that Perreault came from some town to the plaintiff hospital.

If final judgment was entered here for the defendants in this action the plaintiff would be forever foreclosed from reimbursement from such towns. The interests of justice and that of the public welfare can best be served by allowing the plaintiff the opportunity to offer whatever evidence it may have on the issues here presented, and under the views here expressed. The defendants, as well, should have the opportunity to meet the issues by any evidence they or either of them may have. *LaFerriere v. Saliba, supra.*

*Judgment reversed and cause remanded for new trial. Let none of the parties recover costs in this Court.*