## Keith LaFaso, by Joseph LaFaso, his father and next friend v. Nicholas J. LaFaso and Carolyn W. LaFaso

[ 223 A.2d 814 ]

June Term, 1966

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed October 4, 1966

*Ryan, Smith & Carbine* for plaintiff.

*Loveland & Hackel* for defendants.

**Shangraw, J.** This is a civil action for the alleged negligence of the defendants. Trial was by jury, resulting in a verdict and judgment of $18,000 against the defendant Nicholas J. LaFaso. By the verdict the defendant Carolyn W. LaFaso was exonerated from liability.

During the trial the defendants each moved for a directed verdict at the close of plaintiff's case, and at the end of all the evidence. Following the verdict of $18,000, against the defendant Nicholas J. La-Faso, this defendant moved to set aside the verdict and for judgment notwithstanding the verdict. All of the foregoing motions were denied. Judgment was entered on the verdict. Defendant, Nicholas J. LaFaso, has appealed.

The following essential facts are uncontroverted. The plaintiff, Keith LaFaso, about three and one-half years of age, lived with his parents in the upstairs apartment of a two-family house, located in the City of Rutland, Vermont. The defendants, plaintiff's grandparents, occupied the downstairs apartment.

On April 28, 1964, the grandfather, unknown to his wife, gave the plaintiff a plastic cigarette lighter. Although there was no fluid in the lighter, the flint remained in it, and with the fluid the lighter functioned perfectly. Keith had seen his grandfather use a cigarette lighter on different occasions. No evidence was presented to the effect that Keith had ever seen a lighter filled with lighter fluid, or had ever indicated an interest in such fluid.

The following day, April 29, 1964, Keith was outdoors with his mother and grandmother, Carolyn W. LaFaso. Having indicated his desire to go to the bathroom, the grandmother told him that he could use the bathroom in her downstairs apartment. While inside the house, Keith found a can of lighter fluid which had been placed on the top shelf of an open cabinet by Rachael LaFaso, daughter of the defendants, three days before the accident. This cabinet contained three drawers which could be pulled out. The fluid had been placed half way back from the front of the top shelf. This shelf was about six feet from the floor. Keith was around thirty inches tall. It can be inferred that he climbed onto a chair, or at least in some manner reached the fluid. Keith had not been known to have climbed up the cabinet on any prior occasion. The cabinet was located in the dining room through which he passed in reaching the bathroom.

Neither the grandmother or Keith's mother had any knowledge that Keith had been given a lighter by his grandfather.

A few minutes after entering the downstairs appartment Keith returned to the back door with the upper part of his torso aflame. After the accident the lighter was found in the shed near the back door. The lighter fluid was found on the back of the toilet. The boy sustained very severe burns.

The complaint alleges three acts of negligence on the part of the defendants: (1) giving the plaintiff an empty lighter; (2) sending the plaintiff into their home alone and unescorted; and (3) negligently placing a can of lighter fluid where it was readily available to the plaintiff.

The grandfather was not present at the time of the accident, nor had he any knowledge where the fluid was located at the time of the accident. Thus the only alleged act of negligence that could be attributed to the grandfather was his gift of the empty cigarette lighter to Keith. The propriety of the verdict in favor of the grandmother is not challenged.

The facts in this case are not controverted. The main thrust of the defendant's challenge to the verdict and judgment is to the effect that the gift of the lighter to his grandson did not constitute actionable negligence.

■ As stated in *Humphrey* v. *Twin State Gas & Electric Co.,* 100 Vt. 414, 422, 139 Atl. 414,

". . . . the existence of actionable negligence depends, not upon what actually happened, but upon what reasonably might have been expected to happen. Unless it is shown that a prudent man, situated as the defendant was at the time of his alleged default, knowing what he knew or should have known, would have regarded injury to the plaintiff or to one of the class to which he belonged, as likely to result from the act or omission complained of, actionable negligence is not made out."

The foregoing principle has been later affirmed in *Johnson* v. *Cone, et al.,* 112 Vt. 459, 462, 28 A.2d 384; *Hannon* v. *Myrick,* 118 Vt. 428, 432, 111 A.2d 729. The existence of actionable negligence depends, not upon what actually happened, but upon what reasonably might have been expected to happen. *Johnson* v. *Cone, supra,* p. 462.

■ Actionable negligence is made out only when it appears that a prudent person, in like circumstance, would have thought that injury would be likely to result from his acts or omissions. *Winter* v. *Unaitis,* 124 Vt. 249, 253, 204 A.2d 115.

A person cannot be held responsible on the theory of negligence for an injury from an act or omission on his part unless it appears that he had knowledge or reasonably was chargeable with knowledge that the act or omission involved danger to another. 38 Am. Jur. Negligence, §23, p. 665.

Circumstances and dangers are always to be taken into account in determining what is due care or the evidence of it. *Myrtle McKirryher* v. *Yager,* 112 Vt. 336, 343, 24 A.2d 331. A person's conduct is not necessarily to be judged according to the situation as it appeared

to him, but the proper test is how it would have appeared to an ordinarily prudent person so situated. *State* v. *Graves,* 119 Vt. 205, 214, 122 A.2d 840.

The particular requirements of the prudent man rule vary with the circumstances, and the law must be applied to each controversy as may be warranted by the facts. *Myrtle McKirryher* v. *Yager, supra,* 343. The determination of what is negligence requires a consideration of the consequences that a prudent man might reasonably have anticipated. *Wagner* v. *Village of Waterbury,* 109 Vt. 368, 375, 196 Atl. 745.

As stated in *Thompson* v. *Green Mountain Power Corp.,* 120 Vt. 478, 483, 485, 144 A.2d 786: "Foresight of harm lies at the foundation of negligence. . . . Foreseeable consequences may be significant in the determination of the scope of legal duty and whether a duty of care had been violated. But there is a distinction between foreseeable consequence and proximate cause." This distinction appears in *Woodcock's Admr.* v. *Hallock,* 98 Vt. 284, at 290, 127 Atl. 380, 382, in the following language: "It is well established with us that on the question of what is negligence, it is material to consider the consequences that a prudent man might reasonably have anticipated. But when negligence is once established, that consideration is wholly immaterial, on the question of how far it imposes liability. One shown to have been negligent is liable for all the injurious consequences that flow from his negligence until diverted by the intervention of some efficient cause that makes the injury its own, or until the force set in motion by the negligent act has so far spent itself as to be too small for the law's notice."

The child's subsequent conduct, in trying to fill the lighter with fluid, did not operate as an intervening cause to break the connection between the defendant's want of care in making the lighter available to the child if the subsequent conduct of Keith was foreseen or reasonably might have been foreseen by the defendant. In these circumstances it is the negligence of the defendant that makes it possible for the irresponsible child to do the act which resulted in his injury. As it has been tersely put: "One who deals with children must anticipate the ordinary behavior of children." *American Mutual Liability Ins.*

*Co.* v. *Buckley & Co.* (CCA 3d), 117 F.2d 845; 38 Am. Jur., Negligence §§74, 90.

■ A motion for a directed verdict and a motion for judgment notwithstanding the verdict are the same in nature and substance and we must view the evidence in the light most favorable to the plaintiff. *Welch* v. *Stowell,* 121 Vt. 381, 383, 159 A.2d 75. In denying the defendant's motions the trial court ruled that the evidence tended to support the plaintiff's verdict. *Mattison* v. *Smalley,* 122 Vt. 113, 116, 117, 165 Atl. 343. In considering such motions, we not only view the evidence in the light most favorable to the plaintiff, but we exclude any modifying evidence. All conflicts are resolved against the defendant. Such motions cannot be granted if there is evidence fairly and reasonably tending to justify the verdict. The tendency of the evidence, and not its weight, is to be considered and contrary inference is for the jury to resolve. *Berry* v. *Whitney,* 125 Vt. 383, 217 A.2d 41.

The test to be applied on the issue of the grandfather's liability is whether or not there was reasonable likelihood that the gift would result in injury. Did the grandfather act within the standard of care required by a prudent man?

Defendant calls attention to the fact that many toys have a potential for harm and mischief if not used for their intended purpose. It is our view, however, that it can hardly be said that a cigarette lighter comes within the classification of an over-the-counter toy, or generally intended as a plaything for immature children.

■ Cases cited in the briefs, principally referring to toy guns and firearms, are of little assistance in determining whether or not the lighter in question may be considered as a dangerous instrumentality in the hands of an immature child. Generally speaking, a person placing in a child's hands an article of a dangerous character, likely to cause injury, is negligent. 65A C.J.S., Negligence §69, pp. 949, 950, citing *Indian Refining Co.* v. *Summerland,* 92 Ind. App. 429, 173 N. E. 269; *Kuhns* v. *Brugger,* 390 Pa. 331, 135 A.2d 395, 68 A.L.R. 2d 761.

The defendant knew that the lighter which he gave Keith had a flint in it which produced sparks. To say the least, here we have in the hands of an immature child an item not entirely unlike matches, capable of igniting inflammable matter.

■ Where the law has settled no rule of diligence, negligence is ordinarily a question for the jury and it is a fact to be inferred from the attending circumstances. It can be ruled as a matter of law only, where the facts are undisputed and are so conclusive that but one reasonable inference can be drawn therefrom. If the evidence justifies opposing inferences, the question is always for the jury. *Britch* v. *Town of Sheldon,* 94 Vt. 235, 241-2, 110 Atl. 7.

■ The duty to avoid injury to children increases with their inability to protect themselves, and with their childish indiscretions, instincts and impulses, the caution required must be measured in all cases according to the maturity and capacity of the infant. 38 Am. Jur. Negligence, §40.

The mere gift of the lighter to Keith could act as an inducement on his part to fill it, and make it work, with or without permission or supervision. The removal of the flint would no doubt have rendered the lighter harmless, and thus guarded against the very thing which occurred.

■ Here, the plaintiff was a child of 3½ years and it was for the jury to say whether, under the prevailing circumstances, the conduct of the defendant in making available a cigarette lighter, which could become operative by the application of a combustible substance, met the standard of reasonable prudence.

We cannot hold as a matter of law that the defendant's gift of the lighter to his grandson did not constitute actionable negligence. Reasonable minds might well differ on this issue. This was properly a jury question. Defendant's motions were properly overruled.

During the trial the defendant offered testimony to show that the lighter fluid was generally kept either on the top shelf in the library cupboard or on the second shelf in the kitchen cabinet and at all times in an area beyond the reach of the plaintiff. This evidence was excluded by the court. The location of the lighter fluid on the date of the accident is not disputed. Furthermore, the defendant had previously admitted, without objection, that the fluid was usually left in the kitchen cabinet. Its location on the date of the accident was unknown to him. This proposed evidence was without probative force and its exclusion proper.

During the charge the trial court properly defined negligence, proximate cause, and actionable negligence. Further stating, "If you

find the defendant Nicholas LaFaso, was negligent in giving this mechanical lighter to the plaintiff, Keith, the fact that the accident occurred at a later date does not excuse him from such negligence." Continuing, the court went on to say: "And if you find either of these defendants did not live up to this definition of negligence, then you must find them negligent." The defendant excepted to and now challenges the propriety of the last quoted statement. He urges that the court in effect charged that any negligence of the grandmother, either in the placement of the fluid, or in sending the child into the apartment unattended would support a verdict against the grandfather.

In so charging, the trial court may well have had in mind the principle that ". . . . that where two or more proximate and efficient causes combine to produce an injury, a recovery may be had if the defendant is responsible for any one of them, though he is not responsible for the others." *Woodcock's Admr.* v. *Hallock,* 98 Vt. 284, 289, 127 Atl. 380.

The complaint as applied to the defendant grandmother, alleges that the plaintiff was permitted to enter the grandparents' home unescorted, and that the lighter fluid was in a place readily available to the plaintiff. By the jury's verdict exonorating the grandmother from liability, it must be assumed that the jury determined that she had no knowledge of the gift of the lighter to Keith, which in fact is not in dispute, and that the fluid was considered by the jury to have been placed where it was not readily available to the plaintiff.

The grandfather was not present at the time Keith was permitted to enter the house, nor had he any knowledge where the fluid was located at the time of the accident. The grandfather's liability is thus confined to the gift of the lighter, and not subsequent events leading up to the injuries sustained by the boy.

Error is not to be read into the charge of a trial judge by isolating small segments of it. It is not to be considered piecemeal, but with an eye on its general content. *Gibson* v. *Mackin Constr. Co.,* 123 Vt. 287, 291, 187 A.2d 337. The verdicts in the case demonstrate that the jury had in mind the issues to be considered and were not misled by any lack of clarity contained in the segment of the charge to which the defendant excepted. No error appears.

The defendant requested, and excepted to the trial court's failure to exclude as items of damage, hospital, medical, nursing or other

expenses. No evidence was introduced concerning these items. By reason thereof the court properly limited recovery to ". . . . compensation for bodily pain and suffering, past, present and future, and for the permanent injury and disfigurement that you may find have resulted." The court continued by properly stating that ". . . . it follows that whatever he is entitled to recover for the future, if anything, must be included in the amount that he recovers now." By this last statement, defendant in his brief implies that the jury may well have been misled into believing that the verdict should take into account likely hospital and medical expenses. This view clearly distorts the clear meaning of plain language employed by the court. Defendant's claim on this point is without merit.

*Judgment affirmed.*