# Colonial Plumbing Corporation v. Solar Heating, Inc.

[329 A.2d 638]

No. 249-73

Present: Barney, C.J., Smith, Keyser and Daley, JJ., and Shangraw, C.J. (Ret.)

Opinion Filed December 3, 1974

*Miller & Hill,* Rutland, for Plaintiff.

*John J. Welch, Jr., Esq.,* Rutland, for Defendant.

**Daley, J.** The plaintiff, Colonial Plumbing Corporation, in a civil action heard by the Rutland County Court without a jury, recovered a money judgment for materials and supplies furnished to the defendant, Solar Heating, Inc., at its request. The defendant now appeals to this Court contending that the trial court erred in admitting into evidence a certain ledger card and invoices (Plaintiff's Exhibit 1) reflecting the defendant's account.

■ Both the plaintiff and the defendant agree that the admissibility of the ledger card and invoices is controlled by 12 V.S.A. § 1700, Uniform Business Records as Evidence Act. However, the defendant contends that the plaintiff's salesman, not being the actual custodian of these business records, was not qualified to identify these records and the mode of their preparation as a foundation for their admission into evidence. We cannot agree.

The pertinent provision of the Uniform Business Records as Evidence Act, 12 V.S.A. § 1700(b), reads:

> A record of an act, condition or event, shall, in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.

■ By the terms of 12 V.S.A. § 1700(b), the admissibility of a business record, such as in this case, is conditioned on the opinion of the trial court that "the sources of information, method and time of preparation were such as to justify its admission." *Crowley* v. *Goodrich*, 114 Vt. 304, 306, 44 A.2d 128 (1945). In other words, if the record is relevant to the issue, it may become competent evidence in the discretion of the trial court provided that the proper foundation is laid as provided by Section 1700(b). This statute provides relief from the stringent common law rules of evidence that required testimony from the actual custodian or person making the original entry as a sufficient foundation for the introduction of the business record into evidence. *See* C. McCormick, Evidence § 310, at 725 (2d ed. E. Cleary 1972).

■ The basic theory of this statute is that records within its purview ought to be received into evidence unless the trial court, after examining the records and the manner of their preparation, entertains serious doubt as to their dependability and being worthy of confidence. 30 Am.Jur.2d *Evidence* § 960, at 89. Hence, the trial court is vested with considerable discretion in passing on the qualifications of the witness through

which the records are sought to be introduced—the sources of his information and the sufficiency of the identification. *See Mahoney* v. *Minsky,* 39 N.J. 208, 188 A.2d 161, 166 (1963).

The foundation laid for the introduction of Plaintiff's Exhibit 1 provided by the plaintiff's salesman was his identification of the ledger cards and his testimony of the mode of their preparation. He stated that these records were kept in the regular course of the plaintiff's business. The entries on the ledger cards were checked by this witness and corresponded with the invoices, which were made at or near the time that the goods were sold to the defendant. The invoices were also checked by this witness and corresponded with the worksheets he himself made at the time that the goods were ordered from him by the defendant. This witness was familiar with the prices of the goods sold, having priced at least ninety per cent of them.

This testimony from the plaintiff's salesman provided the proper foundation for the introduction of Plaintiff's Exhibit 1 (ledger cards and invoices) contemplated by 12 V.S.A. § 1700 (b). These business records were clearly relevant to the issue of the defendant's liability to the plaintiff. The defendant has presented no showing of an abuse of discretion by the trial court in the admission of the plaintiff's business records. *See Weeks* v. *Burnor,* 132 Vt. 603, 326 A.2d 138 (1974). Therefore, we find no basis for the defendant's claim that the plaintiff's salesman was not a "qualified witness" under Section 1700(b), hence the trial court committed no error in the admission of Plaintiff's Exhibit 1 into evidence.

*Judgment affirmed.*