## Dufresne-Henry Engineering Corporation v. Gilcris Enterprises, Inc.

[388 A.2d 416]

No. 153-77

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed June 6, 1978

*Bruce M. Lawlor,* Law Offices of *Douglas Richards, P.C.,* Springfield, for Plaintiff.

*Frederick J. Glover,* Ludlow, for Defendant.

**Hill, J.** Plaintiff-appellant brought suit to recover the value of surveying services allegedly performed for defendant-appellee. After the presentation of appellant's case below, appellee moved for dismissal, claiming that appellant had not established a right to relief. V.R.C.P. 41(b)(2). The court granted appellee's motion, issued findings of fact and conclusions of law and entered judgment for appellee. We affirm.

The grounds on which the trial court based the dismissal were two: (1) failure of appellant to prove the value of any services rendered by it; and (2) failure of appellant to prove that it had rendered any services at all *for* appellee.

Regarding the first ground of dismissal, appellant complains that it was twice prevented from introducing evidence of the reasonable value of its services by rulings of the trial court. The first of the challenged rulings excluded a bill submitted by appellant to appellee for the services allegedly performed. The second ruling prevented an employee of appellant—appellant's sole witness—from testifying as to the reasonable value of the services. The basis of appellee's objections to both the bill

and the opinion as to value was that sufficient foundation for their admission had not been laid. We uphold both rulings.

■■ Questions concerning the admissibility of business records such as the bill offered at trial are governed by the Uniform Business Records as Evidence Act, 12 V.S.A. § 1700. The purpose of this Act is to ease the requirement that the person actually keeping the record testify as to its accuracy. *Colonial Plumbing Corp.* v. *Solar Heating, Inc.*, 133 Vt. 82, 83, 329 A.2d 638, 640 (1974). Under the Act, a qualified witness must testify to the identity of the record and its mode of preparation. Testimony as to mode of preparation is required as another means of establishing reliability. See C. McCormick, Evidence § 310, at 726–27 (2d ed. 1972).

■ The bill in question here stated only that it was "[f]or research; field inspection and survey to date." It quoted prices for "[s]alaries through 2/2/74" and for "[r]elated expenses," without further itemization. The witness through whom appellant attempted to introduce the bill testified that the bill came from appellant's regular business records. The witness did not, however, offer any testimony tending to show that the work referred to in the bill was the work and only the work for which recovery was being sought.[1] Nor did the witness testify concerning the mode of preparation of the bill. The absence of such testimony in this case gave the court no basis on which it could conclude that appellant's accounting department, when making up this bill, had reference to the particular work alleged to have been performed for appellee. Furthermore, appellant's witness did not attempt to establish the reliability of the bill by corresponding its entries with events of which he had personal knowledge. See *Colonial Plumbing Corp.* v. *Solar Heating, Inc., supra,* 133 Vt. at 84, 329 A.2d at 640.

■ A trial court is vested with considerable discretion in passing on the admissibility of a business record. 12 V.S.A. § 1700; *Colonial Plumbing Corp.* v. *Solar Heating, Inc., supra,* 133 Vt. at 83–84, 329 A.2d at 640. Under the circumstances

---

[1] In fact, appellant had been performing other similar work for appellee. That work was not at issue in this case.

presented in this case, the trial court did not abuse its discretion by refusing to allow the bill into evidence.

■ Appellant also complains of the trial court's ruling that prevented appellant's employee from testifying as to the reasonable value of the services allegedly rendered. 12 V.S.A. § 1643 provides: "An expert witness may be asked to state his opinion based on the witness' personal observation, or on evidence introduced at the trial and seen and heard by the witness, or on his technical knowledge of the subject. . . ." Evidence presented at trial of the work allegedly done for appellee consisted of very general references to "research" or investigation. There were no particular descriptions of the work done or the hours spent. Appellant's witness testified that he did not know how many hours had been devoted to the work "without looking over the time slips." The time slips were not introduced and the witness did not look them over. Granting that appellant's witness was a qualified expert, he nevertheless had no basis for an opinion as to the reasonable value of the services rendered. The court was justified in excluding the proffered testimony.

■ Appellant offered no evidence of the extent of its damages other than that which the trial court correctly ruled inadmissible. Failure to prove damages is fatal to appellant's cause of action. *Rochez Brothers, Inc.* v. *Rhoades,* 527 F.2d 891, 894 (3d Cir. 1975), *cert. denied,* 425 U.S. 993 (1976); see *LaFaso* v. *LaFaso,* 126 Vt. 90, 97–98, 223 A.2d 814, 820 (1966).

Finally, appellant argues that the trial court erred in concluding that appellant had not rendered services for appellee. Even if we found the trial court's conclusion on this issue to be in error, the failure of appellant to prove damages would require affirmance of the judgment rendered below. Therefore, we do not reach appellant's final argument.

*Affirmed.*

**Billings, J.,** dissenting. I am unable to agree with the majority of the Court, and I would reverse and remand this cause for new hearing on all issues.

Although the cause was inartfully tried below, there is evidence in the record tending to show that services were performed by the plaintiff for the defendant. Evidence of the amount thereof was offered, although excluded because the foundation for such evidence was inadequate. It is evident that the judgment, based on the failure to adequately prove damages, can be supported and that we could affirm the judgment for the defendant. But this Court has the discretionary power to remand a cause to prevent a failure of justice, and it has been our practice to do so where circumstances warrant it. *DeGoesbriand Memorial Hospital, Inc.* v. *Town of Alburg,* 122 Vt. 275, 283, 169 A.2d 360, 365 (1961); *Laferriere* v. *Saliba,* 119 Vt. 25, 34, 117 A.2d 380, 386 (1955). This case is one wherein, in fairness to all parties, the cause should be remanded.