374 So.2d 16 (1979)
UNIVERSITY OF SOUTH FLORIDA, Petitioner,
v.
Thomas TUCKER, Respondent.
No. 78-1589.
District Court of Appeal of Florida, Second District.
May 23, 1979.
Steven G. Wenzel, Gen. Counsel, Leslie K.R. Stein, Associate Gen. Counsel, and Deborah A. Getzoff, Asst. Gen. Counsel, Tampa, for petitioner.
Stevan T. Northcutt and Stephen L. Segall of Levine, Freedman, Hirsch & Levinson, Tampa, for respondent.
HOBSON, Acting Chief Judge.
Petitioner University of South Florida asks this court to review a final order rendered by the Career Service Commission, Division of Universities. The subject order reverses an action of the University discharging respondent Thomas Tucker from his position and reinstates him with full back pay retroactive to the date of his dismissal.
The University claims authorization for its action under Florida Administrative Code Rule 22A-7.10(2)(a) which provides:
An employee who is absent without authorized leave of absence for 3 consecutive workdays shall be deemed to have abandoned the position and to have resigned from the Career Service. An employee who separates under such circumstances shall not have the right of appeal to the Career Service Commission; however, any such employee shall have the right to petition the State Personnel Director for a review of the facts in the case and a ruling as to whether the circumstances constitute abandonment of position.
*17 The University contends that respondent Tucker was absent from his job a total of seven working days and failed to notify his immediate supervisor in accordance with Florida Administrative Code Rule 22A-8.11(2)(3)(c) which requires that an employee give "Notification of absence ... to the appropriate supervisor ... as soon as possible on the first day of the absence." Respondent testified at the Commission hearing that he had asked a friend to call the University on the first day to report that he had sustained a back injury on the job and would be unable to work. The friend telephoned the University and spoke to a person in respondent's division. Two days later, respondent called his division to report that he was under a doctor's care and did not know when he would be able to return to his job. No further calls were made and six days later the University notified respondent by letter that his employment had been terminated on the ground of job abandonment. At respondent's request, the case was reviewed by the State Personnel Director, who ruled that the facts did not show job abandonment. Pursuant to Rule 22A-7.10(2)(a) the matter was then brought before the Career Service Commission for hearing.
Some ten months later, respondent settled his Workmen's Compensation claim with the University and on the same date tendered his resignation in a letter to the attorney who handled the Workmen's Compensation claim for the University.
After a full hearing on the matter, the Commission ruled that respondent had properly notified his supervisor in accordance with personnel rules and had been improperly discharged. The Commission found further that the University had not proved that its Workmen's Compensation attorney possessed the authority to accept the resignation of a Career Service Employee. The order states that respondent's resignation "was not in conformity with the law and practice. Section 22A-7.10(1) requires that, `An employee who resigns should present the reasons therefor in writing to the agency.'"
A review of the record in this cause has convinced us that the Commission's holding with respect to respondent's improper discharge is based on substantial competent evidence and must not be disturbed. We therefore affirm that portion of the order which reinstates respondent to his position with the University.
We agree with petitioner's argument that the back pay award should be limited to the effective date of resignation. Florida Administrative Code Rule 22A-7.10 prescribes procedures for resignations, job abandonment, terminations, suspensions and dismissals. The section dealing with resignations states that an employee "should" present reasons for his resignation in writing to the agency. Use of the word "should" indicates to us that the procedure for resignations is discretionary rather than mandatory in nature. The First District Court of Appeal spoke to this issue in Cook v. Division of Personnel, Department of Administration, 356 So.2d 356 (Fla. 1st DCA 1978). The pertinent portion of that opinion states:
"In accordance with the mandates of Section 110.022, the Division established Rule 22A-7.10 describing personnel actions designated `separations.' A resignation is one form of separation under this Rule. Resignations may be written or nonwritten as provided in Rule 22A-7.10B."
The rule does not specify the appropriate person to whom the resignation should be submitted in the event the employee elects to tender his resignation in writing. We view respondent's letter as tangible evidence of his intent to sever his relationship with the University. The logical effect of the resignation is not lessened by noncompliance with a discretionary procedure. We agree with petitioner that the Commission was in error when it held that respondent's resignation was of no effect. The letter of resignation separated respondent from his association with the University and barred a back pay remedy after that date. We hold that respondent Tucker is entitled to receive back pay from the date of his termination, *18 November 16, 1976, to the effective date of his resignation, September 27, 1977. It is, therefore, necessary to vacate that portion of the Commission's final order which grants respondent back pay retroactive to the date of his dismissal.
AFFIRMED in part, VACATED in part.
BOARDMAN and OTT, JJ., concur.