Ronald STARKS, Appellant,

v.

KENTUCKY HEALTH FACILITIES and Health Services Certificate of Need and Licensure Board of the Commonwealth of Kentucky: Frank Burke, Sr.; Dr. Harold E. Boyer; Steve Brown; George Buchanan; John B. Clarke; Thomas Duncan; Dr. Juanita Fleming; James Gayheart; Norman C. Horn; H. Glenn Joiner; Sister Mary Joell Overmann; Dr. Frank R. Pitzer; William T. Samuels, Jr.; Mrs. Weldon (Hallie) Shouse; John Vinson and Dr. Thomas R. Watson, Members of and Constituting the Health Facilities and Health Services Certificate of Need and Licensure Board of the Commonwealth of Kentucky; and Hospital Corporation of America/Hospital Corporation of Kentucky, Appellees.

Court of Appeals of Kentucky.

July 6, 1984.

Rehearing Denied Aug. 31, 1984.

Discretionary Review Denied
Feb. 20, 1985.

J. Granville Clark, Russellville, for appellant.

Terry L. Morrison, Cabinet for Human Resources, Frankfort, Thomas H. Meeker, Colleen McKinley, Wyatt, Tarrant & Combs, Louisville, for appellees.

Before HAYES, C.J., and McDONALD and MILLER, JJ.

MILLER, Judge.

Appellant, Ronald Starks, is a citizen and resident of Logan County, Kentucky. He brings this appeal from a judgment of the Franklin Circuit Court upholding a decision of the Kentucky Health Facilities and Health Services Certificate of Need and Licensure Board (board). The board is a state administrative agency with one of its functions being the authorization of new hospital facilities. KRS Chapter 216B.

On June 9, 1983, appellee/Hospital Corporation of America (HCA) was granted permission by the board to purchase the Logan County Hospital, which it had been operating under a lease, and to construct a new facility to be owned and operated by it. Through procedures provided in Chapter 216B, Ronald Starks has opposed the efforts of HCA from the inception. After issuance of the Certificate of Need to HCA, Starks appealed to the Franklin Circuit Court. KRS 216B.115. The circuit court reviewed the action of the board, in light of KRS 216B.120, and approved. KRS 216B.120 provides:

PARTIES TO JUDICIAL REVIEW—LIMITATION OF REVIEW—APPEAL TO COURT OF APPEALS.—

(1) Each party to the proceedings may participate as a party in the proceedings in the circuit court on an appeal.

(2) In case of an appeal, no new or additional evidence may be introduced in the circuit court except as to fraud or misconduct of some person engaged in the administration of this chapter and affect-ing the decision or order; *the court shall hear the case upon the certified record or abstract thereof, and shall dispose of the case in a summary manner, its review being limited to determining whether the board or cabinet acted within its jurisdiction, whether the decision or order was procured by fraud, and whether the findings of fact in issue are supported by substantial evidence and are not clearly erroneous based upon a review of the record as a whole.* (emphasis added)

(3) The court shall enter judgment affirming, modifying, reversing or setting aside the decision or, in its discretion, remanding the case to the board or cabinet for proceedings in conformity with the directions of the court.

(4) Any party to the judicial appeal may appeal from the circuit court to the Court of Appeals in accordance with the Kentucky Rules of Civil Procedure.

Appellant asserts that the evidence does not satisfy the criteria set out in 902 KAR 20:006 § 2(1), (2) and (4). These regulations, promulgated under KRS 216B.040, require that a proposal to develop a health facility "should" be consistent with the state health plan; the proposal "should" meet an identifiable need in a defined geographical area and be accessible to all residents of the area; and the proposal "should" accomplish appropriate "linkages" with other facilities for the purpose of minimizing cost.

We have reviewed the record in light of appellant's arguments and in light of our duty as a reviewing court. If the findings of fact of an administrative agency are supported by substantial evidence of probative value, they must be accepted as binding upon the reviewing court, and the resulting question is whether or not the agency applied the correct rule of law to the facts so found. *See Tackett v. Kentucky Unemployment Insurance Commission,* Ky.App., 630 S.W.2d 76 (1982); *Southern Bell Telephone and Telegraph Company v. Kentucky Unemployment Insurance Commission,* Ky., 437 S.W.2d

775 (1969). Substantial evidence has been defined as being that of substance and relative consequence (*O'Nan v. Ecklar Moore Express, Inc.*, Ky., 339 S.W.2d 466 [1960]), while the test of substantiality has been set forth in *Kentucky State Racing Commission v. Fuller*, Ky., 481 S.W.2d 298, 308 (1972), as being:

... whether when taken alone or in the light of all the evidence it has sufficient probative value to induce conviction in the minds of reasonable men.

■ In conclusion, we believe the criteria provided in KRS 216B.040(2) for the issuance of a certificate place broad discretion in the board. The board is restricted only from arbitrary and capricious acts within the traditional framework of the foregoing authority. Medical treatment facilities have come to be an indispensable element of modern society. Where it is shown by substantial evidence that the submitted plan will provide these facilities and existing facilities are or soon will become inadequate, the plan may be approved, notwithstanding some variance with the criteria established under the provisions of KRS 216B.040(2). The prevalent use of the word "should" in the statute and correlative regulations denotes discretion. Appellant's argument that the statutory use of the word "should" is to be construed as "shall," inasmuch as should is the past tense of shall, is without merit. We find no case in this jurisdiction upon the interpretation of the word "should" when used in a statute or regulation. However, in *University of South Florida v. Tucker*, 374 So.2d 16 (Fla.Dis.Ct.App.1979), it was said that the word "should," when used in an administrative code, denotes discretion. We believe this interpretation to be sound.

■ The evidence in the case *sub judice* is overwhelming that the present Logan County Hospital facility is archaic and in the near future will not meet the needs of the people of the area. The evidence is further overwhelming that the resources of the county are not sufficient to replace the present hospital with an adequate facility. We find that the applicant met its burden of proof on all issues by substantial evidence.

For the foregoing reasons, the judgment of the Franklin Circuit Court is affirmed.

All concur.