528 So.2d 1274 (1988)
The STATE of Florida, Appellant,
v.
Henry Lee THOMAS, Appellee.
No. 87-665.
District Court of Appeal of Florida, Third District.
July 26, 1988.
*1275 Robert A. Butterworth, Atty. Gen., and Ivy R. Ginsberg, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Karen M. Gottlieb, Asst. Public Defender, for appellee.
Before NESBITT and DANIEL S. PEARSON and FERGUSON, JJ.
DANIEL S. PEARSON, Judge.
Upon his conviction for possession of crack cocaine in violation of Section 893.13(1)(e), Florida Statutes (1985), the defendant was sentenced to three years in prison. Because the maximum sentence allowable for this third-degree felony was five years imprisonment, § 775.082, Fla. Stat. (1985), the sentence was necessarily below the guideline sentence of twelve to seventeen years recommended for this defendant, who had a substantial record of prior felony convictions. On appeal, the State claims that where, as here, the recommended guideline sentence exceeds the statutory maximum, Florida Rule of Criminal Procedure 3.701(d)(10) demands that the statutory maximum sentence be imposed, but, if not, that the small quantity of cocaine possessed is not a valid reason for the court's downward departure from the five-year statutory maximum. We disagree that a five-year sentence was required, but agree that the court's given reason for its downward departure was not valid. We thus reverse the sentence and remand the cause for the imposition of a five-year sentence.
Florida Rule of Criminal Procedure 3.701(d)(10) provides:
"Sentences exceeding statutory maximums: If the composite score for a defendant charged with a single offense indicates a guideline sentence that exceeds the maximum sentence provided by statute for that offense, the statutory maximum sentence should be imposed."
(emphasis supplied).
As we perceive it, the State's argument is that "should" is the equivalent of "shall" and that "shall" is mandatory. While we acknowledge that "should" retains its arcane, schoolmarm meaning as a past tense of "shall," its modern usage is as the weaker companion to the obligatory "ought." Thus, it is said that "[o]ught should be reserved for expressions of necessity, duty, or obligation; should, the weaker word, expresses mere appropriateness, suitability or fittingness." B. Garner, A Dictionary of Modern Legal Usage 396 (1987). See University of South Florida v. Tucker, 374 So.2d 16, 17 (Fla. 2d DCA 1979) ("Use of the word `should' indicates to us that the procedure ... is discretionary rather than mandatory in nature"). See also Cuevas v. Superior Court, 58 Cal. App.3d 406, 409, 130 Cal. Rptr. 238, 239 (1976) ("The word `should' is used in a regular, persuasive sense, as a recommendation, not as a mandate."); Starks v. Kentucky Health Facilities, 684 S.W.2d 5, 7 (Ky. Ct. App. 1984) ("Appellant's argument that the statutory use of the word `should' is to be construed as `shall,' inasmuch as should is the past tense of shall, is without merit."); Texas & P. Ry. Co. v. Consolidated Co., 180 La. 180, 187, 156 So. 215, 217 (1934) ("The word `should' in the rule which the plaintiff invokes is directory. Being directory, a deviation is excusable under proper circumstances."); Magnuson v. County of Grand Forks, 97 N.W.2d 622, 624 (N.D. 1959) ("We construe the word `should' as used here to be persuasive rather than mandatory."); Baldassarre v. West Oregon Lumber Co., 193 Or. 556, 563, 239 P.2d 839, 842 (1952) ("`[S]hould' frequently implies a command, a duty or an obligation. But this is not always so."); Roanoke Memorial Hospitals v. Kenley, 3 Va. App. 599, 606, 352 S.E.2d 525, 529 (1987) (should "may be used to import discretion."). But even if, arguendo, we were to accept the extremely doubtful synonymy of "should" and "shall," the simplistic argument that "shall" is necessarily mandatory ignores the well-accepted rule that "[w]hether `shall' is mandatory or discretionary will depend... upon the context in which it is used and the legislative intent expressed in the statute." Allied Fidelity Insurance Co. v. State, 415 So.2d 109, 111 (Fla. 3d DCA 1982). See Ewing v. Kaplan, 474 So.2d 302 *1276 (Fla. 3d DCA 1985). It seems clear to us that in the context of the rules pertaining to sentencing guidelines, the meaning of Rule 3.701(d)(10) is that where the recommended guideline sentence exceeds the maximum sentence allowable under the statute, the statutory maximum becomes the recommended sentence with the court retaining the discretion to depart below such sentence for clear and convincing legally justifiable reasons. Thus, the maximum sentence "should" be imposed unless there are valid reasons not to impose it.
We do, however, agree with the State that the small quantity of cocaine involved does not justify a downward departure on a sentence for possession of cocaine. The Florida Supreme Court, in a case involving an upward departure, held that "the quantity of drugs involved in a crime may not be utilized as a proper reason to support departure from the sentencing guidelines." Atwaters v. State, 519 So.2d 611, 612 (Fla. 1988). This court has applied the same rule to downward departures from sentencing guidelines. State v. McCluster, 525 So.2d 434 (Fla. 3d DCA 1988); State v. Castanedo, 523 So.2d 1253 (Fla. 3d DCA 1988); State v. Mesa, 520 So.2d 328 (Fla. 3d DCA 1988). Accordingly, the sentence is reversed, and the cause is remanded with directions.
Sentence reversed and remanded.