# Edgar and Barbara Bartley-Cruz v. David and Diana McLeod

[476 A.2d 534]

No. 83-104

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed March 23, 1984

*Edgar and Barbara Bartley-Cruz,* pro se, Greensboro Bend, Plaintiffs-Appellants.

*David and Diana McLeod,* pro se, Wilmington, Defendants-Appellees.

**Gibson, J.** This is an appeal from the judgment of the District Court of Vermont, Unit No. 4, Caledonia Circuit. The plaintiffs, seeking to recover the value of a 1974 Subaru station wagon, brought a small claims action under 12 V.S.A. §§ 5531–5536 and D.C.C.R. 80.3. The court entered judgment for the defendants. We affirm.

Plaintiff Barbara Bartley-Cruz moved to California from a rented Vermont apartment in September of 1980 and left be-

hind certain personal property as well as the vehicle in question. Both parties acknowledge that an agreement was made authorizing plaintiff Barbara Bartley-Cruz to leave the vehicle, which was to be sold. When the car was not sold, plaintiffs promised to return and take the car in December, 1980. Upon their return, however, they were unable to start or remove the car, which had been moved to an incline on adjoining property where it was immobilized by snow and ice. They allege the car suffered a cracked block as well as a broken undercarriage and driver's seat all due to defendants' negligent care.

Defendants contend they agreed to keep the car only until October 7, 1980. After that date, they expressed repeated dissatisfaction with the car's presence and on March 26, 1981, notified plaintiffs by registered letter that the car would be towed away by May 1, 1981, if it was not removed. Plaintiffs responded that they would be unable to make arrangements by May 1 but would return for it on July 1. Defendants, however, had the car towed away and disposed of some time in June. On July 1 plaintiffs returned to Vermont and reported the automobile's absence to the police. Defendants admit they disposed of the vehicle but contend that it was valueless.

■ The trial court found that the defendants were not liable to the plaintiffs. "Upon appellate review we will not interfere if a reasonable evidentiary basis supports the court's findings and the findings are sufficient to support the conclusions of law . . . ." *Emmons* v. *Emmons*, 141 Vt. 508, 511, 450 A.2d 1113, 1115 (1982). The Supreme Court will not set aside findings of fact unless they are clearly erroneous. D.C.C.R. 52. The evidence must be examined in the light most favorable to the prevailing party, and the effect of any modifying evidence must be excluded. *Jarvis* v. *Koss*, 139 Vt. 254, 254–55, 427 A.2d 364, 365 (1981).

■ The findings, thus examined, support the trial court's conclusion that defendants were not negligent in their care of the vehicle or liable for any reduction in its value. Even if we were to assume that plaintiffs' liability was established, plaintiffs, to prevail, must prove by a preponderance of the evidence that the car maintained some value at the time de-

fendants disposed of it. *Dufresne-Henry Engineering Corp.* v. *Gilcris Enterprises, Inc.,* 136 Vt. 274, 277, 388 A.2d 416, 419 (1978). This they failed to do. Having proved no damages for which the defendants can be held liable, plaintiffs' cause of action must fail.

*Affirmed.*

Underwood, J., dissenting. In fairness to all the parties and to prevent a failure of justice, this cause should be remanded for a new trial. *DeGoesbriand Memorial Hospital, Inc.* v. *Town of Alburg,* 122 Vt. 275, 283, 169 A.2d 360, 365 (1961).

Unfortunately the trial judge did not give us an inkling of the nature of plaintiffs' cause of action, that is, whether he treated it as a claim for breach of contract, a claim for negligence, or a claim of bailment with a conversion by the bailees of the bailors' car. See 12 V.S.A. § 5532 and 12 V.S.A. § 5533(a)(3) and (b); D.C.C.R. 80.3(b).

The paucity of findings too puts us at a disadvantage as the reviewing court. The abbreviated findings seem to say that the plaintiffs failed to establish any liability on the part of the defendants. But under what theory? The elements of proof would differ in each instance if the theory of the claim were contract, tort or conversion.

Although the trial judge plays a different role in the trial of small claims in that he actively conducts the trial and the examination of the parties and their witnesses, D.C.C.R. 80.3(g), findings are just as important to the appellate court as in appeals from district or superior court. Because of the informality of the proceedings in small claims court, 12 V.S.A. § 5531(a), and because often the parties are unrepresented by attorneys, adequate findings are imperative for meaningful appellate review. "The purpose of findings is to make a clear statement to the parties, *and to this Court if appeal is taken,* of what was decided and how the decision was reached." *Page* v. *Smith-Gates Corp.,* 143 Vt. 280, 283, 465 A.2d 1102, 1104 (1983) (emphasis added) (quoting *New England Power Co.* v. *Town of Barnet,* 134 Vt. 498, 503, 367 A.2d 1363, 1366 (1976)).

I feel compelled, because of the inadequacy of the findings and the failure to identify the legal theory of the case, to reverse and remand for a new trial.