Tom Carroll Elec. Constr., LLC v. Ward, No. 290-6-10 Wmcv (Wesley, J., Nov. 12, 2010)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

**STATE OF VERMONT**
**SUPERIOR COURT**

| | |
|---|---|
| **Tom Carroll Electrical Construction, LLC** Plaintiff | |
| | **WINDHAM UNIT, CIVIL DIVISION** **Docket No. 290-6-10 Wmcv** |
| v. | |
| **Donald Ward** Defendant | |

| | |
|---|---|
| **Tom Carroll** Plaintiff | |
| | **WINDHAM UNIT, CIVIL DIVISION** **Docket No. 291-6-10 Wmcv** |
| v. | |
| **Donald Ward** Defendant | |

## ORDER ON PLAINTIFF'S APPEAL OF SMALL CLAIMS JUDGMENT

### Introduction

Plaintiffs Tom Carroll Electrical Company, LLC ("LLC"), by its non-attorney representative and sole shareholder, Thomas M. Carroll, as well as Thomas M. Carroll ("Carroll") personally and separately, appeal a small claims judgment for $2,975 in favor of Plaintiffs against Defendant Donald Ward ("Ward"). Plaintiffs each filed small claims complaints alleging that Defendant Ward had wrongfully withheld and sold property of Plaintiffs that had been stored pursuant to an oral rental agreement in a storage barn owned by Ward. Ward counterclaimed for rent in arrears for use of the storage space.

At a hearing consolidated to consider common legal issues as to the nature of the parties' contract, Acting Judge Lawrence G. Slason determined that Ward was liable to Plaintiffs for converting the property stored in the barn, and that Plaintiffs were liable to Ward for overdue

rent. The Small Claims Court then ordered a further hearing to determine damages. At the subsequent damages hearing, Acting Judge Lance Shader consolidated the two claims brought by each Plaintiff into one action, held Defendant liable to Plaintiffs jointly for the jurisdictional maximum of $5,000 for a single small claims case although each Plaintiff had filed a separate complaint, reduced this amount by the amount of rent Plaintiffs owed, and awarded Plaintiffs $2,975 total.

Plaintiffs now appeal Judge Shader's decision to offset the amount of damages owed to Plaintiff by the amount Defendant was owed in overdue rent, arguing that Defendant had already recovered that amount through the illegal sale of their property. Plaintiffs also challenge Judge Shader's decision to consolidate the two actions and make them one case, which capped the amount of damages Plaintiffs could obtain to $5,000. This Court affirms the judgment of the Small Claims Court in part and reverses in part, finding that Judge Shader did not abuse his discretion when he offset the amount of damages owed to Plaintiffs by the amount they owed in overdue rent, but did commit an error when he failed to differentiate between the claims for damages in the two actions, limiting the total to the two claims to the jurisdictional amount for one small claims action.

**Small Claims Record**

As alluded to above, there were two separate Small Claims Court proceedings — one to determine liability, and another to assess and award damages. The Court will discuss relevant portions of the record.

*Hearing on Liability*

The facts found at the January 5, 2010 liability hearing appear in Judge Slason's extensive Decision and Order on Liability dated March 19, 2010, and are briefly recited here.

Plaintiff Carroll entered into a verbal agreement with Defendant Ward for rental of storage space within a barn owned by Defendant located in Wilmington, Vermont. In addition to storing his own personal items in the space, Carroll also stored equipment and materials owned by his business, Tom Carroll Electrical Construction, LLC. However, Carroll failed to make any rental payments after March 2009, in default of his contractual obligation.

After various failed attempts by Defendant to collect the rent or otherwise reach a settlement with Carroll, Defendant seized the property stored in the barn and sold it in September 2009. From the sale of Plaintiffs' property, Defendant received $1,600 plus $400 for one month's storage rent from one party, and $100 from another party, for a total of $2,100. Defendant believed he was entitled to seize and sell the property pursuant to the Vermont Self Storage Facility Act, 9 V.S.A. § 3901, *et seq.*

Carroll subsequently filed two small claims complaints on October 6, 2009 seeking damages for loss of property seized and sold by Defendant. Carroll sought damages in the amount of $1,800 plus court costs for loss of his own personal property, and damages of $4,800 plus court costs on behalf of the LLC. Ward counterclaimed for $300 against each plaintiff for rent owed.

After conducting the liability hearing, Judge Slason found Defendant liable to Plaintiffs for the wrongful sale and conversion of Plaintiffs' property. The Court determined that Defendant did not comply with the statutory requirements of the Vermont Self Storage Facility Act, and thus could not avail himself of the remedies or protections of the Act. The Court held that without a valid written rental agreement, the Act was not applicable as a matter of law. Decision and Order on Liability, 8. Further, even if the Vermont Self Storage Facility Act were applicable, the Court found that Defendant could not avail himself of the statutory process for

3

disposing of property stored without payment because he had not published the notice of sale in a daily newspaper of general circulation. *Id*. Moreover, Defendant was found to have failed to sell the property in a commercially reasonable manner, as he sold the storage items for the amount of rent owed without regard to the actual value of the supplies, equipment, tools or personal belongings. *Id*. at 9.

Nevertheless, Judge Slason also found Plaintiff Carroll liable to Defendant for payment of monthly rent from April 2009 to September 2009, which totaled $2,100. *Id*. at 11. Judge Slason ordered a hearing on damages at which Plaintiffs would have an opportunity to identify all items of property which were converted, identify the owner of each item of property, and provide evidence of the value of the property and any damages for loss of use. *Id*. Judge Slason also stated that Defendant would have an offset against Plaintiffs' damages for the amount of monthly rent that was due and payable at the time of conversion. *Id*.

*Hearing on Damages*

On May 3, 2010, at the damages hearing before Acting Judge Shader, Plaintiff Carroll appeared representing himself, and Defendant Ward was accompanied by his attorney, Christopher Dugan. Prior to this hearing, Plaintiff Carroll had purported to amend the amounts previously claimed for each of the actions he filed. On the action to recover the value of his personal belongings, Carroll previously claimed $1,800, but now claimed that the value of the property totaled $6,434,26. With respect to the LLC's case, Carroll had claimed $4,800 in damages, but now alleged damages totaling $24,182.91.

During the hearing, Defendant Ward contested the validity of the list of items Plaintiff identified as having been stored in the barn, stating that he had no recollection of many of the items claimed. Ward maintained that he would have recognized many of the items had they in

4

fact been in the barn since he himself was an electrician like Carroll, with more than fifty years of experience. Plaintiff was also asked why he stated damages in the amount of $4,800 for the LLC and $1,800 for him personally in the original claims, but was now alleging amounts far higher. Plaintiff responded that he had estimated those earlier figures in haste, but based on a more careful accounting following the hearing on liability, became convinced that the new figures were more accurate. Plaintiff further acknowledged that had he been more aware of the actual damages he incurred, he would not have brought the claims in Small Claims Court which is subject to a jurisdictional limit of $5,000 per action. Plaintiff asked the Court to award him the jurisdictional maximum of $5,000 for each claim made by the two Plaintiffs. Defendant countered by noting that Plaintiff had ample opportunity to amend the original claims and did not do so, and so should be bound to his original numbers.

In his oral findings, Judge Shader expressed difficulty in assessing the fair market value of the items in the storage unit. Plaintiff conceded that most of the items that were allegedly stored in the barn were used, yet Plaintiff only presented evidence of what the value of the items would be if they were purchased new. On the other hand, Judge Shader acknowledged problems with Defendant's credibility, since he had been in a fiduciary position with respect to the property he seized and should have better accounted for what was in the barn and what was later sold. Resolving the conflicting evidence, Judge Shader expressed willingness to side with Carroll insofar as his original claims for damages were concerned, but not for the far greater amounts alleged in his revised accounting.

Notwithstanding his findings as to the value of the property claimed in the two small claims actions, and apparently believing that the consolidated posture of the cases for hearing left him no other choice, Judge Shader stated that he was bound by the jurisdictional limit of $5,000.

5

Describing it as something akin to 'rough justice', Judge Shader held that the original claims totaling $6,600 represented the fair market value of the goods, reduced this amount to the jurisdictional maximum of $5,000, further reduced this amount by the $2,100 credit Defendant was owed for overdue rent, and arrived at a figure of $2,900 plus expenses in favor of Plaintiff. The Court reasoned that this judgment would satisfy both parties as Carroll would be getting his original claim, and Defendant would be receiving the amount of back rent he was owed. In response to Carroll's vehement objection on grounds that there were in fact two separate claims made by two different plaintiffs, Defendant argued that Plaintiff originally filed the two claims as an "end around" way of avoiding the $5,000 jurisdictional limit. The Court did not rule on this contention, but nonetheless stood by its judgment of $2,900 plus expenses in favor of Plaintiff.

## Standard of Review

The scope of a Superior Court's ability to review a determination of the Small Claims Court is limited. "The appeal is limited to questions of law," and more specifically, whether the trial court applied the correct principles of law. V.R.S.C.P 10(d). The appeal must be "based on the record made in the small claims court." 12 V.S.A. § 5538. The Superior Court must accept the factual findings of the Small Claims Court unless they are clearly erroneous. *Bartley-Cruz v. McLeod*, 144 Vt. 263, 264 (1984). As long as there is substantial evidence to support a trial court's finding of fact, deference must be ascribed to that determination. "The evidence must be examined in the light most favorable to the prevailing party, and the effect of any modifying evidence must be excluded." *Jarvis v. Koss*, 139 Vt. 254, 254-55 (1981).

6

**Analysis**

On appeal, and now represented by Norman Smith, Esq., Plaintiffs raise two issues: (1) the Court failed to reduce its judgment for the rental amount due from Plaintiffs to Defendant by amounts received from the sale of the property; or in other words, the Court should *not* have set off any judgment rendered in favor of Plaintiff by any amount Plaintiff owed Defendant in overdue rent, and (2) the Court committed reversible error in combining the two actions for purposes of awarding damages. Each question will be addressed below.

A. *Set off Amount*

Plaintiffs argue that the total sale proceeds obtained by Defendant pursuant to the unlawful conversion should have offset the total rent due from Plaintiffs, resulting in no reduction in the judgment amount in favor of Plaintiffs. Accordingly, even assuming the proceedings had been properly consolidated into a single case, the judgment should have been for $5,000, not $2,900. By Plaintiffs logic, offsetting the judgment by awarding Defendant a credit for the amount of rent Plaintiff owed had the effect of doubly rewarding Defendant, the wrongful converter, who already obtained the exact amount of rent that he was owed from the wrongful sale of Plaintiffs' goods.

This Court concludes that Judge Shader did not abuse his discretion in crediting Defendant for the amount of rent he was owed by Plaintiff. Judge Slason had already found that "Defendant will have an offset against Plaintiffs' damages for the amount of monthly rent that was due and payable at the time of conversion," an amount determined to be $2,100. This was consistent with fundamental principles of offset, by which a plaintiff's judgment may be reduced

7

by the amount of a defendant's counterclaim judgment. This requires a separate analysis for the basis for recovery under each claim. *Fletcher Hill, Inc. v. Crosbie*, 178 Vt. 77 (2005).

The purpose of awarding damages for conversion is to restore plaintiffs to the position they would have been had the wrongful conversion not occurred. Ordinarily, the measure of damages is the fair market value of the property at the time and place of conversion. *Gaylord v. Hoar*, 122 Vt. 146 (1960). Here, Judge Slason was not persuaded that the fair market value of the converted property was equivalent to the amount owed in unpaid rent, thus he ordered the further hearing on damages. Had Judge Shader concluded after hearing all the evidence on damages that, in fact, the value of the converted property was exactly the same as the amount of the unpaid rent, he would have entered judgment of $2,100 on each claim, resulting in a net judgment to Plaintiffs of zero. This would have properly reflected that Defendant's counterclaim for rent had been extinguished by the value of the property he converted, leaving no liability for further damages as a result of the conversion since the property was worth no more than what was owed in rent.

By extending the logic to the facts actually found, it becomes apparent that Judge Shader's application of a set off results in no "double recovery". Rather, it grants to Plaintiff damages for any proven value of the converted goods that was *above* the amount applied against the rents owing. In the exact obverse of Plaintiffs' argument, accepting their premise would put them in a better position than had the conversion never taken place. Defendant would effectively have to pay back to Plaintiffs the amount of the unpaid rent. No viable theory of damages supports such a result.

*B. Consolidation of Claims*

Plaintiffs also appeal Judge Shader's decision to consolidate the two claims brought by each plaintiff into one case, which effectively limited the Plaintiffs' recovery to $5,000, the jurisdictional limit that a single plaintiff may seek in a small claims action. 12 V.S.A. § 5531(a). Plaintiffs also argue that Carroll presented credible evidence showing the value of his converted personal property to be worth $6,434.26, and the value of the LLC's claim to be worth $24,182.91. Since both amounts exceed the jurisdictional amount of $5,000, Plaintiffs maintain that they should have been awarded separate judgments of $5,000 each.

Because Judge Slason consolidated the matters and rendered a consolidated merits decision, Defendant maintains that no further challenge is possible, because none of the parties appealed the liability ruling. V.R.S.C.P. 10. Alternatively, Defendant argues that Judge Shader's damages award resulted from findings of fact which may not be overturned absent clear error. V.R.S.C.P 10 (d).

This Court finds Defendant's arguments unpersuasive. Judge Slason consolidated the two actions for efficiency purposes, as the two claims contained common questions of law and fact. Even if his ruling could be construed as having limited Plaintiffs' claims within the scope of a single case, it wouldn't have been a final order subject to appeal since he specifically continued the proceedings for further consideration of damages. In any event, Judge Slason's order gives no indication that he had concluded as a matter of law that Plaintiffs were entitled to seek only a single damages award. Indeed, Judge Slason explicitly found Defendant "legally liable to Plaintiffs for the wrongful sale and conversion of each *Plaintiffs' property*." Order, 12 (emphasis added). Further, Judge Slason found credible evidence at the liability hearing establishing that both personal and LLC property were stored in the Defendant's barn.

9

In support of Judge Shader's ruling, Defendant argued that it should be sustained because Plaintiffs' strategy of filing separate claims for the loss of Mr. Carroll's personal property, as well as for the converted business property held by the LLC, amounted to a so-called "end around" of the small claims jurisdictional limit. Yet, as stated above, Judge Slason made findings directly contradictory to this assertion, and his mandate for further proceedings on damages explicitly contemplated consideration of evidence to identify property owned by the separate claimants. Furthermore, not only did Judge Shader fail to make a ruling in response to Defendant's "end around" argument, but his own findings as to the reasonable basis for the losses claimed in each of the original complaints are consistent with Judge Slason's similar conclusions. These findings were reasonably supported by the evidence, including Judge Slason's findings that Mr. Carroll's original estimate of the value of the converted property owned by each Plaintiff was more credible than his subsequent efforts at a revised accounting. Thus, while Judge Shader cannot be faulted for limiting Plaintiffs' claims to the amounts originally sought, he erred by collapsing the two actions into one claim, holding himself limited by the $5,000 jurisdictional limit.

Since Judge Shader found that Plaintiffs were entitled to the original amounts claimed by Mr. Carroll ($4,800 on behalf of the LLC and $1,800 personally), no remand is required to correct his error of law regarding a single jurisdictional limit. Rather, this Court will enter judgment against Defendant for these amounts. However, the judgments for each Plaintiff will be offset by the $2,100 that Plaintiffs owed Defendant in back rent on pro rata basis per claim. Accordingly, this Court directs entry of a Small Claims Judgment in favor of Plaintiff LLC for $3,270 plus expenses, and entry of a Small Claims Judgment in favor of Plaintiff Carroll for $1,230 plus expenses.

## ORDER

**WHEREFORE** it is hereby **ORDERED**: The judgment of the Small Claims Court is **AFFIRMED** in part, and **REVERSED** in part. Entry of a Small Claims Judgment in favor of Plaintiff LLC shall issue for $3,270 plus expenses, and entry of a Small Claims Judgment in favor of Plaintiff Carroll shall issue for $1,230 plus expenses.

Dated at Newfane, Vermont this    11th        day of November, 2010.

_____
John P. Wesley
Presiding Judge