VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.　　22-AP-098



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

NOVEMBER TERM,　2022

Christina Johnson\* v. Jeffrey Machia

　　　}　APPEALED FROM:
　　　}　Superior Court, Franklin Unit,
　　　}　Civil Division
　　　}　CASE NO. 21-CV-01911
　　　　Trial Judge: David A. Barra

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals from the trial court's judgment in defendant's favor on plaintiff's claims for breach of contract and recovery of personal property, and on defendant's claim for damage to property.  We reverse and remand for further proceedings.

The record reveals the following.  After the end of a romantic relationship between plaintiff and defendant, plaintiff filed this lawsuit, seeking to recover unpaid wages for work allegedly performed around defendant's property and certain items of personal property.  Plaintiff attached to her complaint a copy of a verified lien against defendant's property based on her claim that she was not paid for work done.  Defendant filed an answer denying that plaintiff performed any work for him or that there was any agreement to pay plaintiff for work, and asserting that all personal property belonging to plaintiff had been returned.  He also stated counterclaims, including seeking compensation for damage to his camper.  He alleged the damage was caused by plaintiff starting a fire in the camper.

Following a trial on the merits, the court issued an order including findings of fact and conclusions of law to resolve the parties' claims.  The court construed plaintiff's claim for unpaid wages as one for breach of contract.  It determined that plaintiff did not meet her burden of proof to show an agreement for defendant to pay plaintiff for work performed around the property.  It also noted that plaintiff did not raise the Prompt Payment Act, 9 V.S.A. §§ 4001–4009, in her pleadings or arguments and could not enforce the lien on defendant's property because it had expired before plaintiff filed suit.  The court found that particular items belonging to plaintiff were still in defendant's possession, and ordered defendant to make arrangements through counsel to return those items to plaintiff.  However, the court concluded that plaintiff failed to show that other items she sought to retrieve belonged to her or were in defendant's possession.  Finally, the court concluded that plaintiff caused the fire which damaged defendant's camper, and was therefore liable to plaintiff for that damage.  The court found credible defendant's testimony which estimated $9000 in damage, so it entered judgment for that amount in defendant's favor on his counterclaim.

On appeal, plaintiff challenges the court's conclusions in defendant's favor. She contends that defendant's testimony was not credible and contests the weight that the trial court assigned to certain evidence. We cannot evaluate plaintiff's arguments because many of the court's factual findings are merely recitations of the evidence, and it is unclear what law the court is applying to certain claims.

"The purpose of findings is to make a clear statement to the parties, and to this Court if appeal is taken, of what was decided and how the decision was reached." Page v. Smith-Gates Corp., 143 Vt. 280, 283 (1983) (quotation omitted). "For at least the past forty-five years we have recognized that the mere recitation of evidence is 'immaterial and . . . not for consideration.' " In re Ryan, 2021 VT 82, ¶ 23 (quoting Krupp v. Krupp, 126 Vt. 511, 515 (1967)). "Inadequate and commonly referred to as Krupp findings, such recitations of evidence, which are not adopted by the court as fact, cannot form the basis for a decision." In re M.G., 2010 VT 101, ¶ 14, 189 Vt. 72 (quotation omitted). The court must also indicate what legal standards or frameworks it is applying to each claim so that on appeal we can evaluate whether the findings, if proper, support its conclusions. Where there is no clear indication of how the court reached its decision—either because it failed to explain what law it was applying or failed to make proper findings of fact, or both—remand is appropriate. See Ryan, 2021 VT 82, ¶ 27 (remanding because Krupp findings were inadequate); Page, 143 Vt. at 282-83 (remanding because court did not distinguish between different legal claims in its analysis and made unspecific findings of fact).

Here, the court construed plaintiff's claim for unpaid wages as one for breach of contract. Plaintiff does not dispute this characterization on appeal. The court concluded that plaintiff failed to meet her burden to show there was a meeting of the minds regarding payment for work. In general, whether parties formed an agreement depends on their intent and manifestations of their intent, which are factual questions. Bixler v. Bullard, 172 Vt. 53, 58 (2001). The court here made no findings as to what work was actually done or whether defendant ever paid plaintiff for it. After reciting tasks that plaintiff claimed to have completed, the court stated: "[Plaintiff] claims that the parties agreed to pay her for that work. [Defendant] denies that the parties ever reached that agreement." Without resolving this conflicting testimony and determining credibility, it is impossible to tell how the court reached its ultimate conclusion regarding breach of contract. We therefore remand for further findings and any additional analysis that may be necessary on that issue.[1]

As to plaintiff's claim for the return of personal property, the court's order stated that plaintiff "bears the burden to show that [defendant] has her possessions and that he is keeping

---

[1] To the extent plaintiff challenges the trial court's conclusions regarding the Prompt Payment Act, we reject that argument. The court found, and plaintiff does not contest, that in July 2020 she filed a lien on defendant's property based on his alleged failure to pay her for work, that she did not attempt to enforce that lien before it expired, and that she did not raise the Prompt Payment Act in her pleadings or arguments to the court. See Filter Equip. Co. v. Int'l Bus. Machines Corp., 142 Vt. 499, 502-03 (1983) (explaining that legal action must be filed and writ of attachment obtained before statutory deadline, or lien will expire). We uphold the trial court's determination that plaintiff waived any claim under the Prompt Payment Act and cannot enforce the lien.

2

them from her wrongfully." Because the court made no citations to authority or specific reference to a legal theory, we cannot tell whether the court was analyzing the elements of, for example, replevin, conversion, or some other theory. Plaintiff's filings earlier in the case referenced multiple legal theories, it is unclear from the record which claims may have remained live after trial, and the court's order did not differentiate among them. See Page, 143 Vt. at 282-83 (reversing and remanding where trial court did not distinguish between various asserted theories of recovery, failed to make specific findings and conclusions as to each claim, and it was "impossible to tell from the findings whether the judgment for plaintiffs was based on negligence or on strict liability"). We thus cannot evaluate whether the evidence or findings support the elements of the legal claim. Equally as important, the court's findings pertaining to personal property were mainly Krupp findings. The court listed the testimony of each party as to various items of property but did not clearly resolve issues of credibility. As to some items, the court noted that plaintiff testified that they belong to her and defendant has them, but it never addressed them again in its order. The court's findings and analysis as to personal property are simply inadequate to facilitate appellate review and we accordingly remand for the court to create a complete record on that issue.[2]

Regarding defendant's counterclaim for damage to his camper, the court made several proper findings regarding how the damage occurred. However, it was not clear what legal theory the court was applying. The trial court stated in its order that "[defendant] bears the burden of proof to show that [plaintiff] caused his damages by a breach of duty owed to him." This language appears to reference a negligence claim, but the court did not explain what duty existed or how it was breached. The court discussed only causation and damages. Moreover, defendant's pleading referenced several theories of recovery, and it is not clear from the record what claims may have remained live after trial. See Kwon v. Edson, 2019 VT 59, ¶ 29, 210 Vt. 557 ("The general rule that cases are to be tried according to the issues made by the pleadings may be limited or enlarged by the conduct or agreement of counsel. When the trial takes such a course, an issue may be introduced in the case which was not properly pleaded." (quotation omitted)). Under these circumstances, we must remand for the trial court to clarify its legal analysis and make any further findings as necessary to provide an adequate record for appellate review.

We also note that the trial court did not enter final judgment on all claims as required by Vermont Rule of Civil Procedure 58(a). The purpose of Civil Rule 58(a) is to ensure that the parties and this Court understand the final nature of the court's decision, and the rights and responsibilities that follow. See Reporter's Notes, V.R.C.P. 58; cf. V.R.C.P. 54(b) (providing that order that adjudicates fewer than all claims against all parties "shall not terminate the action" and remains "subject to revision"). The trial court's order contained a separate portion, entitled "Judgment," which addressed only defendant's counterclaim. On remand, we expect the trial court to adhere to Civil Rule 58(a).

Reversed and remanded for proceedings consistent with this opinion.

---

[2] We note that the court found certain items belonging to plaintiff to be in defendant's possession and ordered defendant to arrange through counsel to return them. Because defendant did not file a cross-appeal, the propriety of that portion of the court's decision is not before us, and we do not disturb it.

3

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
Karen R. Carroll, Associate Justice