*Judge Teachout*

**STATE OF VERMONT**
**RUTLAND COUNTY, ss.**

**RUTLAND SUPERIOR COURT**
**DOCKET NO. S0362-98RcCa**

ALBERT W. MATTSSON,
      **Plaintiff/Appellant,**

v.

BOWKER & SON MEMORIALS,
      **Defendant/Appellee.**

**CONFORMED COPY**
RUTLAND SUPERIOR COURT

FEB -3 1999

*Gary L. Johnson*
           Clerk

## OPINION AND ORDER

This matter is before the court on appeal from small claims court pursuant to 12 V.S.A. § 5538 and V.R.C.P. 73. At the hearing before this court on October 27, 1998, the defendant appeared and was represented by Karl C. Anderson, Esq. The plaintiff, who represented himself in small claims court, filed his statement of questions, but did not appear.

As a preliminary matter, the court determines that the presence of the appellant was not required at the hearing in order for this court to proceed. Appeals from small claims court are decided on the basis of the record below, and are limited to questions of law. V.R.C.P. 73 (d). An appellate hearing is not required under the rules, and the parties have the opportunity to submit memoranda of law. V.R.C.P. 73 (d); 12 V.S.A. § 5538. The Notice of Hearing sent by the Superior Court to the appellant indicates that the appellant's presence at the hearing is not required, stating "Should you choose not to appear at the hearing, please inform the Court." The appellant has filed a statement of legal questions, and no prejudice results to the appellant or appellee if the court considers this matter despite the appellant's failure to appear for the hearing.

In his statement of legal questions, the plaintiff-appellant seeks review of the dismissal of his suit for breach of contract associated with the defendant's services in providing and placing a stone marker on the grave of a relative of the plaintiff. After review of the record below, the court reverses and remands the case to the small claims court for a continued hearing.

An appeal from small claims court to the Superior Court is not a trial de novo, but is limited to issues of law raised below. V.R.C.P. 73; 12 V.S.A. § 5538. This court cannot hear new facts or issues on appeal. In its review, the court grants deference to the lower court's findings, viewing them in the light most favorable to the prevailing party below, disregarding the effect of modifying evidence. *Jarvis v. Gillespie*, 155 Vt. 633, 637 (1991). This court will overturn only upon a showing of clear legal error or in the absence of factual support. *Id.*

1

In his statement of questions, the appellant claims that he was denied a fair hearing because he was not given the opportunity to cross-examine the defendant. The record supports the appellant's claim.

At the hearing below, the plaintiff-appellant presented his case and was cross-examined by the defendant's attorney. The defendant then presented his case. At the close of the defendant's presentation, the small claims judge informed the plaintiff that he would have the opportunity to cross examine the defendant after she first asked some questions of the defendant. After asking her own questions, the judge made her findings and conclusions without giving the plaintiff the opportunity to cross-examine. This was a violation of V.R.C.P. 80.3 (i), which provides that in small claims court the judge shall conduct the examination of witnesses, but shall allow the parties or their attorneys to supplement the examination. This error calls for a remand to the small claims court for a continuation of the hearing to provide for an opportunity for cross examination by the plaintiff. It is not necessary to conduct an entirely new trial, as the procedure was correct up to the point at which plaintiff did not have an opportunity for cross examination. It is, however, important for the cross examination opportunity to take place for two reasons. First, such cross examination by the opposing party is a fundamental part of the adversarial court process, and is explicitly provided in the applicable Rule. Second, cross examination in this case may have provided evidence that would assist the judge in focusing on an important element of the case, as explained below.

Normally, a review of the application of law by a trial court is not conducted by a reviewing court until the hearing has been completed and resulted in a final judgment. To avoid delay in reaching a result in this small claims case, however, this court will review the law of the case at this time to assist in the application of the law on remand.

Plaintiff contracted with defendant to make a grave marker and place it on the grave of a relative of the plaintiff. Plaintiff paid a deposit of $500. When the plaintiff contracted for the work to be done, he offered to show the defendant where the marker should be placed, which was over one grave in a family plot with six grave sites, all unmarked except for one main headstone with the family name. The defendant rejected the offer, and undertook to locate the spot himself through reliance on information provided by the church that owned the cemetery. The defendant paid $164 to the church, which erected a foundation for the marker on a spot that was in the family plot but not over the correct grave. The defendant placed the marker on that foundation, and billed plaintiff a full contract price of $964. Once the marker had been completed and erected, the plaintiff visited the cemetery to inspect the job and discovered that the marker rested above the wrong grave site. The plaintiff informed the defendant of the error. Plaintiff paid the balance due on the contract price only in response to the defendant's plea of personal financial necessity, but with the understanding that the defendant would move the marker in the spring to the correct grave site. Such placement has not happened due to a dispute between third parties (the church and another relative). At the hearing below, the plaintiff began by stating that he just wants his money returned until the marker is in the correct place. He was satisfied with all services except the placement of the marker which was on the wrong person's grave. He is seeking a return of the contract price plus additional costs he has incurred in relation to this

problem.

The cardinal rule in construing a contract is to ascertain the intention of the parties. See *Shell Oil Company v. Jolley*, 130 Vt. 482, 490 (1972); *Howard Bank v. Lotus-Duvet Co., Inc.*, 158 Vt. 393, 396 (1992). If the court finds that placement of the marker on the person whose grave was to be marked was a *material term* of the contract, i.e. an essential part of the bargain between the parties, then it must consider the importance of that term when it determines whether there was full performance of the contract, and the basis of any right to recovery.

The evidence presented at the hearing as far as it went suggests that placement of the marker on the grave of the plaintiff's relative may have been understood by the parties to be a material term of the contract. Cross-examination by plaintiff may have addressed the issue of whether the placement of the marker on the correct grave was understood by both parties to be a material term of their contract, or whether the contract was for placement of the marker at a location to be specified by the church, or whether there was no meeting of the minds on this critical point, and thus no enforceable contract.

If, after hearing further evidence, the court finds that placement was a material term and placement at the correct location did not occur, then the court must find a breach of the contract. The defendant claims that the church would not permit him to put the marker where the plaintiff wanted it and that he had to put it where the church directed, but the fact that there was interference from a third party would not excuse the defendant from failing to perform a material term of the contract, since he had the option of informing the plaintiff of the impossibility of performance of the contract. He chose not to do so and instead elected to take direction from the church. Even if placement was a material term of the contract that was not fully performed by plaintiff, defendant would still be entitled to the value of the marker he made for the plaintiff on the legal theory of *quantum meruit*, but not to the full contract price. This means the court would determine the reasonable value of the marker, and award plaintiff a refund of the excess he paid under the contract over the value of the marker. See *In re Estate of Elliot*, 149 Vt. 248, 253 fn.2 (1988) (*quantum meruit* is determined by the reasonable value of services provided).

If, after hearing further evidence, the court finds that placement was not a material term or that the contract was for placement of the marker where the church directed, then the court may conclude that defendant fully performed the contract and there was no breach.

Plaintiff is entitled to complete his cross examination in order to draw out information about the parties' agreement as to location of the marker. This might well affect the finding of the court as to whether there was or was not a meeting of the minds on the issue of placement of the marker, and whether or not it was an essential term of the agreement.

In any event, the trial court must make a clear statement of what was decided. "The purpose of findings is to make a clear statement to the parties, and to this court if appeal is taken, of what was decided and how the decision was reached." *Bartley-Cruz v. McLeod*, 144 Vt. 263, 265 (1984) (Underwood, J., dissenting), quoting *Page v. Smith-Gates Corp.*, 143 Vt. 280, 283

3

(1983). "Although the trial judge plays a different role in the trial of small claims in that he actively conducts the trial and the examination of the parties and their witnesses, . . . findings are just as important to the appellate court as in appeals from district or superior court. Because of the informality of the proceedings in small claims court, . . . and because often the parties are unrepresented by attorneys, adequate findings are imperative for meaningful appellate review." *Bartley-Cruz v. McLeod*, 144 Vt. 263, 265 (1984) (Underwood, J., dissenting).

In this case, the judge stated on the record that the reason for her ruling was her conclusion that the defendant had met his obligations under the contract. Once the judge has heard further evidence from cross examination focusing on the specifics of the parties' agreement, and any redirect examination of the defendant and rebuttal evidence of the plaintiff, especially as to any agreement regarding placement of the marker, and determined whether or not location of the marker was a material term and whether there was a meeting of the minds on that issue, she will need to make a new ruling. Such ruling should state clearly what contract terms were agreed upon between the parties, specifically with respect to placement of the marker, whether defendant has fully performed the contract and is entitled to keep the contract price, or whether there was no contract or no full compliance, and defendant is only entitled to keep the reasonable value of the marker based on the theory of *quantum meruit* as described above.

In either case, it is incumbent on the judge to state her conclusion of law, and to issue a judgment order consistent with it. The small claims court's written order of June 11, 1998, stating "no judgment issues" fails to clearly inform the parties and appellate court of the judgment that was ordered. The court must either rule that the plaintiff is entitled to judgment, based on a return of the amount in excess of the value of the marker, or that the defendant is entitled to judgment because the contract was fully performed. In either case, judgment must be for either the plaintiff or the defendant. An order that reads "no judgment issues" fails to provide a clear statement of the resolution of the case.

Although the hearing does not need to be started over, but only needs to be continued as described above, the judge may, in her discretion, decide to conduct a new hearing on remand. This is because of the passage of time and the fact that it may be inconvenient for the parties to listen to the audiotape to resume the hearing with adequate knowledge of what evidence has previously been admitted.

## ORDER

Accordingly, the case is REVERSED and REMANDED to the small claims court for a continued hearing or rehearing in accordance with this opinion.

SO ORDERED.

Dated at Rutland, this thirtieth day of January, 1999.

_____
Hon. Mary Miles Teachout
Superior Court Judge

5