## STATE OF VERMONT

**SUPERIOR COURT**
**Washington Unit**

*ʘω*

2015 OCT -5 A 9: 47

**CIVIL DIVISION**
**Docket No. 221-4-15 Wncv**

**F. SAMUEL RABER**
    **Defendant–Appellant**

F I L E D

**on appeal from**
**Docket No. 509-9-14 Wnsc**

v.

**DANIEL ZAMPIERI**
    **Plaintiff–Appellee**

### SMALL CLAIMS APPEAL
#### Decision

Plaintiff Daniel Zampieri, an automobile mechanic, initiated this small claims case seeking compensation from Defendant F. Samuel Raber for repairs to Mr. Raber's Volvo for which Mr. Raber had refused to pay. Mr. Raber opposed Mr. Zampieri's claim and filed a counterclaim seeking reimbursement for the expense of buying and repairing a new car so he would have transportation while Mr. Zampieri kept possession of the Volvo. The small claims court found in Mr. Zampieri's favor and rejected Mr. Raber's counterclaim. Mr. Raber then appealed.

An appeal from a small claims judgment is heard and decided "based on the record made in the small claims court." 12 V.S.A. § 5538. "Where the evidence is conflicting the [small claims] court has the sole responsibility for determining its weight and the credibility of the witnesses." *Whipple v. Lambert*, 145 Vt. 339–40, 1985 (per curiam). The court on appeal will not interfere with a small claims judgment if the findings are sufficient to support the conclusions of law. *Bartley-Cruz v. McLeod*, 144 Vt. 263, 264 (1984).

The court has reviewed the record and listened to the recording of the small claims hearing. In summary, the thrust of the dispute that brought the parties to small claims court is as follows. Mr. Raber was advised by one mechanic that his Volvo needed a repair for a "blown head gasket." That mechanic did not have time to do the repair so Mr. Raber took the vehicle to Mr. Zampieri. Mr. Zampieri estimated that he could do it for $700. At the small claims hearing, both parties agreed on that much. From there, the narratives part ways.

According to Mr. Zampieri, he removed the head gasket, had a machine shop work on the heads, and put the car back together. He determined, however, that a blown head gasket was not the problem preventing the car from running. He continued to work on the Volvo. Mr. Raber was aware of and assented to the continuing work beyond the agreed upon head gasket work. However, the parties did not discuss the expense of that additional work. Eventually, Mr. Zampieri got the car running and presented Mr. Raber with a bill about double the original estimate. Mr. Raber originally indicated that he would pay it but eventually refused, insisting that he was liable only for the original $700 estimate despite all of the additional work.

and would unfairly result in a windfall for Mr. Raber if Mr. Zampieri were to become responsible for the cost of the new car. The total bill was reasonable. Mr. Raber simply refused to pay it.

Mr. Raber's counterclaim was based in part on the length of Mr. Zampieri's retention of the vehicle. The small claims court noted that Mr. Zampieri was entitled to an artisan's lien on the car and failed to file suit within 30 days after Mr. Raber attempted to resolve the matter by tender a check for $700 to Mr. Zampieri. The court found these facts irrelevant to Mr. Zampieri's claim and did not more completely analyze the consequences of Mr. Zampieri's retention of the vehicle.

An artisan's lien allows the person who repairs an item of personal property to retain it until the bill is paid. 9 V.S.A. § 1951. If the bill remains unpaid after three months, the lienor may sell the property "except as provided in section 1954." 9 V.S.A. § 1952. Section 1954 applies when the reasonableness of the bill is disputed. The customer, within the three-month retention period, may "tender" a reasonable amount to resolve the dispute. If the lienor rejects the tender, the lienor must file suit to determine reasonableness within 30 days. If the lienor fails to do so, the "lien shall terminate." 9 V.S.A. § 1954.

During the first 90 days of Mr. Zampieri's retention of the vehicle, Mr. Raber attempted to deliver a check for $700 to him to resolve the dispute. Mr. Zampieri refused the check and did not file suit within 30 days. If the delivery of the check was a sufficient tender for purposes of § 1954, Mr. Zampieri lost the right to retain possession of the vehicle on the 30th day afterwards since he had not by then filed suit. The wrongful retention of the vehicle afterwards might have entitled Mr. Raber to damages.

The small claims court did not analyze this aspect of Mr. Raber's counterclaim explicitly. However, its failure to do so was harmless in the circumstances of this case. See V.R.C.P. 61 ("The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."). Assuming for the sake of the argument that Mr. Zampieri's retention of the vehicle at a point became wrongful, despite Mr. Raber's refusal to pay, Mr. Raber's response, buying a replacement vehicle, was not reasonable and there was no evidence presented as to any other damages.

The small claims court's evaluation of the equities of this case appears to have addressed this matter. Mr. Raber's refusal to pay the original bill was not reasonable. The attempted accord and satisfaction would have given Mr. Zampieri the $700 originally estimated, nothing for the somewhat higher actual cost of the working on the head gasket, and zero for all of the additional work that Mr. Raber had assented to. If in spite of those circumstances Mr. Zampieri's retention of the vehicle became wrongful, it was for a brief time only. Mr. Raber recovered possession of the vehicle by having a new key made and retaking it. There was no evidence of reasonable damages incurred by Mr. Raber for the short interim during which Mr. Raber had bought another car. The damages claimed by Mr. Raber would have zeroed out the repair bill and he would have ended up with a repaired Volvo for free, a clearly inequitable result. The small claims court did not error by rejecting this claim.

3

## ORDER

For the foregoing reasons, the judgment of the small claims court is *affirmed*.

Dated this 5th day of ~~September~~ October 2015.

Mary Miles Teachout
Superior Judge

4